TORREY, DAVIDSON & GROSSCUP v. WM. CAMERON & CO.

No. 6610.

1.   **Absence of Statement of Facts.**—The general rule is that without a statement of facts this court will not revise the rulings of the District Court in the admission or exclusion of evidence.

2.   **Qualification of Above Rule.**—Where excluded evidence appears material and relevant to the issues under any probable state of the testimony, and the ground of objection is not tenable, a bill of exceptions showing such ruling ought to be considered and the ruling revised although no statement of facts appears in the record.

3.   **See Facts** where the ruling of the court below as shown in the bill of exceptions does not appear necessarily injurious to appellant, and where in absence of statement of facts the ruling excluding evidence will not be revised.

4.   **Practice—Excess of Verdict.**—Where the verdict is excessive and such excess is called to the attention of the court below in a motion for new trial, this court, upon the excess being remitted, will reform the judgment, but at the costs of appellee.

ERROR from Taylor.   Tried below before Hon. Wm. Kennedy.
The opinion states the case.

*Bentley & Bowyer*, for plaintiffs in error. —1. When it appears to the court by bill of exceptions that competent testimony has been excluded by the court, the relevancy and materiality of which is shown by the pleadings, it is sufficient for the action of the court without a statement of facts.   Harvey v. Hill, 7 Texas, 591; Fox v. Sturm, 21 Texas, 407.

2.   Where new notes are made with the intention of all the parties that the new notes shall substitute the old ones and that the old ones shall be cancelled, and such new notes are substituted and actually discounted and the proceeds of such new notes as discounted are placed to the credit of the obligors in the substituted notes, then the new notes take the place of the old ones, and no action can be maintained on the old notes but on the new ones alone.   2 Pars. on Notes and Bills, 203–6; Cornwall v. Gould, 4 Pick., 444; Huse v. Alexander, 2 Met., 157; Gordon v. Price, 10 Ire., 385.

*M. A. Spoonts*, for defendants in error. —1. The Supreme Court will

not revise the action of the lower court in excluding testimony on the trial of the case where there is no statement of facts in the record.

2. Where a bill of exceptions is taken to the action of the court in excluding testimony the bill of exceptions itself and the brief of counsel should show the objections made to the evidence and the objection sustained by the court, and especially is this true where the case comes before the Supreme Court without a statement of facts.

3. The answer of plaintiffs in error, "who were defendants below," in which they set up the new notes, does not show any valid defense, and on motion would have been stricken out, because before a party can plead new notes given in payment of old ones he must allege that the new notes have been paid. In other words, if the new notes are not paid his liability is not decreased and the new notes are but cumulative of the old, and the creditor can sue on either notes; and in this case we submit that no damage could result to plaintiffs in error, because he does not pretend to have paid a dollar on the old or new notes not credited to him, and he does not pretend that the amount of his indebtedness was in any manner diminished by the new notes.

4. If the answer set up no defense then there was no error in excluding the evidence. Rules 57 and 58 of Dist. Ct., 47 Texas, 627; T. & P. Ry. Co. v. Hardin, 62 Texas, 367; Lockett v. Schurenberg, 60 Texas, 610; Johnson v. Crawl, 55 Texas, 571; Bonart v. Waag, 61 Texas, 33; Whitaker v. Gee, 61 Texas, 217; Endick v. Endick, Id., 559; Willis v. Donac, Id., 588; Franklin v. Tiernan, 62 Texas, 92; G. H. & S. A. Ry. Co. v. Gage, 63 Texas, 568; Orr v. Ferrell, 68 Texas, 468; Moss v. Cameron, 66 Texas, 412; Rains v. Herring, 68 Texas, 638; McGuire v. Bidwell, 64 Texas, 45.

GAINES, ASSOCIATE JUSTICE.—This was an action brought by the defendants in error against the plaintiffs in error to recover an indebtedness evidenced by three promissory notes, less certain admitted credits.

To the petition the defendants below answered that after the execution of the notes the plaintiffs and defendants had had an adjustment of accounts, and that for the indebtedness then found to be due defendants had executed and delivered to plaintiffs three other promissory notes extending the times of the payments, which it was expressly agreed between the parties were to be received in full satisfaction of those in suit.

To this answer the plaintiffs replied by supplemental petition, admitting the signing of the notes by defendants, but alleging in substance that the whole indebtedness of defendants exceeded the amounts of the new notes by the sum of fifteen hundred dollars, and that the agreement was that upon payment of the latter sum in cash the new notes were to be received in extinguishment of the old, but that the defendants had wholly failed to make the cash payment.

There is no statement of facts in the record, and but one bill of exception which is called to the attention of this court by an assignment of error. This bill presents the only question of difficulty in the case, and we here set it out in full:

"Be it remembered that on the trial of this cause the defendants offered to prove by the witnesses William Torrey, George B. Davidson, Fred Paul Grosscup, and J. C. Lackland that on the 22d day of October, 1884, the defendants, by agreement of the plaintiffs and with their consent, had executed three new notes to plaintiffs, as set out in their first amended original answer as Exhibits 'Aa,' 'Bb,' and 'Cc,' in lieu of and in substitution for the notes sued on in this cause, and that the notes so sued on were then and there by agreement canceled, annulled, extinguished, and the new notes so executed were then and there received in payment and satisfaction of said old notes. Also that by agreement and in consideration of aforesaid agreement the defendants then and there submitted to have said new notes discounted at the rate of 12 per cent per annum, and the said notes were so discounted and passed to credit of defendants.

"The court on suggestion of plaintiffs refused to hear such evidence or permit it to go to the jury, to which ruling the defendants excepted, and now file this their bill of exceptions to said ruling, and pray the court to order the same to be made a part of the record in this cause. Approved.

[Signed] · "WILLIAM KENNEDY,

"Judge Presiding."

It may be admitted that where a creditor receives of a debtor a new promissory note, executed to him by the latter with the understanding that it is taken in satisfaction of the old indebtedness, the prior debt is extinguished. But the question arises whether in the absence of a statement of facts we can say that the plaintiffs in error have been prejudiced by the ruling under consideration.

We understand the general rule to be that without a statement of facts this court will not revise the rulings of the court below in the admission or the exclusion of evidence. The reason is that in most cases without a statement of the whole evidence it is impossible for the court to determine whether or not the error, if error it be, has operated to the prejudice of the appellant. An exception to the rule has, however, been repeatedly recognized and acted upon by this court. Harvey v. Hill, 7 Texas, 591; Fox v. Sturm, 21 Texas, 407; King v. Gray, 17 Texas, 62; Galbriath v. Templeton, 20 Texas, 46; Dalby v. Booth, 16 Texas, 563; Tarlton v. Dailey, 55 Texas, 92. Where the evidence appears material and relevant to the issues under any probable state of the testimony, and where the ground of objection is one that is not tenable, we apprehend the bill of exceptions ought to be considered and the ruling revised, although no statement of facts appears in the record. It is to be noted in this case that at the time the defendants filed their answer the notes were

in their possession and were filed with and made a part of their pleading. This fact called for explanation. It shows either that the notes were never received by plaintiffs or that if so received under some subsequent agreement the notes were returned to the makers. If they were ever in the hands of the plaintiffs the fact that at the time of filing the answer the defendants had possession of them tends to establish the replication of the plaintiffs that they were to be taken in satisfaction of the old notes upon a condition with which the defendants failed to comply.

We can not say from this record that defendants as witnesses may not have distinctly admitted in their testimony that they were to pay fifteen hundred dollars in cash before the agreement for the extinguishment of the old notes should take effect, and that they had failed to pay the money according to the contract. If so, the exclusion of the evidence did not harm the defendants. If the bill itself had shown that no other evidence had been introduced upon the particular issue, or had shown that the evidence was excluded solely upon the ground that in the opinion of the court the execution and delivery of the new notes under the circumstances proposed to be proved did not discharge the old, it might call for a different ruling. But the record leads us to suspect that in view of the circumstance that the defendants were in possession of the notes after the suit was brought there was some testimony outside of the bare facts proposed to be proved as disclosed by the bill of exceptions which would have shown that the defendants were not prejudiced by the ruling of the court.

It is the duty of a party who here seeks to secure a reversal of the judgment of a lower court to bring to this court a record of the proceedings sufficiently full to show clearly the error of which he complains. If he bring a record which shows the proceedings only in part every reasonable presumption will be indulged in favor of the court's ruling, and the case will not be reversed unless it appear that upon no possible state of the case could the ruling be upheld. We can not say that there was manifest error in excluding the testimony under consideration, and conclude therefore that the assignment of error predicated upon that ruling is not well taken.

Rule 58 for the government of the District Courts requires that bills of exception to the introduction of testimony shall show in all cases the grounds of objection, and there are quite a number of decisions of this court which hold that a bill which fails in this particular should not be considered. Bonart v. Waag, 61 Texas, 33; Endick v. Endick, 61 Texas, 559, and cases cited; Willis v. Donac, 61 Texas, 588; Franklin v. Tieman, 62 Texas, 92; Railway Co. v. Gage, 63 Texas, 568; Shoe Co. v. Ferrill, 68 Texas, 638. We do not wish to be understood as holding that the bill of exceptions in this case is sufficient to demand consideration. In deciding this case it is not necessary to determine this question.

The other assignments of error complain that the verdict of the jury is excessive. The defendants in error confess the error in this particular and remit the excess. The judgment will accordingly be affirmed, less the amount remitted. The excess in the verdict having been set up in the motion for a new trial, the plaintiffs in error will recover the costs of this appeal.

*Reversed and rendered.*

Delivered May 31, 1889.