**Herman GOLDFADEN, Appellant,**

v.

**David W. REUBEN, Appellee.**

**No. 9.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 19, 1963.

**760**

Don M. Wilson, Dallas, for appellant.

Elihu E. Berwald, Rosenfield, Berwald & Mittenthal Dallas, for appellee.

SELLERS, Justice.

Appellee concedes that the statement of the nature of the case as contained in appellant's brief is substantially correct, and for that reason we quote the same:

"Suit filed by Herman Goldfaden, appellant herein, as plaintiff, against David W. Reuben, appellee herein, as defendant, alleging breach of contract of sale entered into between the parties providing for the sale of a certain business known as the Casa View Sparkle Launderette, and alleging that subsequently in violation of said contract entered the premises of the said business and removed a stock of clothing which had been left with the business prior to the sale for cleaning, and that it was necessary that the owners of the clothing obtain same from defendant; plaintiff alleged that he suffered immediate monetary damage based upon the collection by defendant of the cleaning charges, and further damage from loss of good will resulting from defendant's actions. Further damages were alleged resulting from the apparent repossession by a third party of a marking machine which plaintiff alleged was represented by defendant to be transferred as part of the equipment of the business, and to be unencumbered. Defendant admitted execution of the contract, but denied all other allegations, and filed a cross-action based upon alleged slanderous statements made by appellant herein, which cross-action is still pending, and

is not the subject of this appeal. Subsequently, appellee herein filed a motion for summary judgment based upon the premise that the stock of clothing alleged to have been taken by appellee was not, as a matter of law, transferred to appellant under the contract referred to. Upon hearing on said motion, the trial court entered an order sustaining appellee's motion, and directing that plaintiff, appellant herein, recover nothing of defendant, appellee herein. Defendant had meanwhile filed a second motion for summary judgment, reciting the same purported legal premise as to transfer of the stock, and requested judgment in the amount of $1,000.00, plus interest, alleged to be held in escrow. This motion was also granted, and judgment accordingly entered by the court. Both orders were duly excepted to in open court, and appeal announced to this honorable court."

The $1,000.00 escrow funds got into the case by the original answer of the defendant, Hugh L. Kirkpatrick, who filed his original answer to pleadings in the cause filed by both plaintiff and defendant. This defendant received the $1,000.00 which he held under an escrow agreement signed by both plaintiff and defendant in this cause and placed with Hugh L. Kirkpatrick, the escrow money being in the form of a bank money order. The Defendant Kirkpatrick makes no claim to said $1,000.00, and among other things, pleads as follows in paragraph 4 of his answer:

"This Defendant claims no interest in said money but is now, and has been at all times, ready and willing to do equity and discharge his obligation under the terms of the escrow agreement. HOWEVER, by reason of conflicting inconsistent claims between the parties hereto, and by reason thereof, he has been compelled to employ the undersigned attorneys to answer the action brought against him, and has been compelled to incur expenses through no

fault of his own. This Defendant did not cause nor contribute to the controversy and inconsistent claims between Plaintiff Goldfaden and Cross-Plaintiff Reuben, and the dispute between such claimants is not due to any action or omission on this Defendant's part. Therefore, Defendant is entitled to recover of and from the parties hereto his reasonable attorney's fees in the amount of $50.00 and all reasonable costs and expenses which this Defendant has been and will be compelled to pay in the trial of this suit.

"This Defendant here now tenders into the registry of this Court the above described Bank Money Order in the sum of $1,000.00.

"WHEREFORE, premises considered, this Defendant prays that the Court adjudge and determine the true and rightful owner of East Dallas Bank & Trust Company Bank Money Order No. 8713; that this Defendant be discharged from any and all liability of every kind and character upon distribution of said fund being made by decree of this Court; that he be allowed his reasonable attorney's fees in the amount of $50.00 and all expenses incurred herein; and for such other and further relief of any nature whatsoever to which this Defendant may be entitled."

As will be noted from the statement by Appellant, the trial court entered two summary judgments in favor of the defendant in the original suit. The first of these summary judgments was in response to the application by the Defendant David W. Reuben. It is dated the 8th day of February, 1963, and was in effect a judgment according to the statement of the nature of the case above referred to. Upon the premises that the stock of clothing alleged to have been taken by the appellee was not as a matter of law transferred to appellee under the contract referred to. This summary judgment made no reference to the

$1,000.00 escrow money nor does it dispose of the Defendant Kirkpatrick or his claim for $50.00 as attorney's fees; nor did it refer to the cause of action by the plaintiff against defendant for the value of the marking machine alleged to be of the value of $187.50.

Thereafter, on the 20th day of February, 1963, the court entered another order granting to the appellee, defendant in the trial court, the $1,000.00 escrow money above referred to. This summary judgment makes no reference to Kirkpatrick, nor his attorney's fees, nor does it refer to the suit by the plaintiff against the defendant for the damages already disposed of in the first summary judgment.

Both summary judgments were excepted to by the defendant and notice of appeal given to the court of civil appeals. Appeal bond was duly filed and the matter is here before this court for consideration. There was a cross action filed by the defendant against the plaintiff for the damages which was by the trial court severed out of this suit and is no part of this appeal.

At the outset this court is confronted with the question of whether there is a final judgment in this cause from which to appeal will lie to this court. The first summary judgment certainly did not dispose of all of the parties to the suit nor to all the issues involved in this suit, and for that reason must be held to be an interlocutory order from which no appeal will lie, for it does not dispose of all the parties and issues in the suit.

If we are right in our interpretations of the two summary judgments, there can be no doubt with respect to the law governing the situation, and we think this case is controlled by the case of Pan American Petroleum Corporation, et al., Petitioners, v. Texas Pacific Coal & Oil Company, et al., Respondents, Tex.Civ.App., 324 S.W.2d 200:

"In our opinion a summary judgment which does not dispose of all parties

and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court."

In this case, as we view it, the defendant has undertaken to appeal from two separate judgments in the trial court, neither of which dispose of all of the issues and parties in the suit.

Since there is no final judgment entered in this case by the trial court, we dismiss this appeal without prejudice to the parties entering a final judgment from which an appeal might be perfected.