**Homer R. PLASTER, Appellant,**

**v.**

**TEXAS CITY, Texas, et al., Appellees.**

**No. 58.**

Court of Civil Appeals of Texas.

Tyler.

June 4, 1964.

Roy Engelke, Engelke & Brown, La-Marque, Greenberg & Schwartz, Galveston, for appellant.

Neugent & Lilienstern, Texas City, for appellees.

DUNAGAN, Chief Justice.

The appellant was a member of the Police Force of Texas City, Texas, and on May 31, 1963, he was suspended indefinitely by the Chief of Police of Texas City. On July 18, 1963, the appellant instituted suit against the City of Texas City, Texas, Firemen's & Policemen's Civil Service Commission of Texas City, Texas, and Rankin De Walt in his official individual capacity as Chief of Police of Texas City, Texas, seeking his reinstatement. On August 9, 1963, City of Texas City, Texas, filed its original answer to plaintiff's original petition. On September 23, 1963, the defendant, City of Texas City, Texas, filed its motion for a summary judgment. Upon a hearing of defendants' motion for summary judgment the court entered an order sustaining same, from which the plaintiff, appellant in this court, duly appealed and caused transcript to be filed on December 13, 1963, in the Court of Civil Appeals for the First Supreme Judicial District at Houston.

On January 9, 1964, the case was transferred to this court pursuant to an order of the Supreme Court of Texas on an equlization of the dockets of the Courts of Civil Appeals.

Appellant failed to file a brief in this cause. Appellee, City of Texas City, Texas, on May 22, 1964, filed its motion to dismiss appeal for want of prosecution.

There is a more compelling reason for the dismissal of this case; that is, the judgment appealed from is not final and there can be no appeal therefrom.

■ The summary judgment appealed from disposes only of the rights of the appellant and the City of Texas City, Texas. The rights of the other parties to the lawsuit have not been disposed of by this judgment, nor does the record show an order of severance; consequently, it is not a final judgment.

■ Since the record discloses that there was no final judgment, this court is without jurisdiction and it is our duty to dismiss the appeal on our own motion. Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 320 S.W.2d 915 (writ of error refused, n. r. e.), 324 S.W.2d 200, 201; Goldfaden v. Reuben, Tex.Civ.App., 1963, 373 S.W.2d 759 (n. w. h.); Covert v. Ready, Tex.Civ.App., 1963, 377 S.W.2d 680, 681 (n. w. h.).

Appellees' motion to dismiss for failure of appellant to file brief is overruled and for the reasons above stated this appeal is dismissed for the want of jurisdiction without prejudice to the parties entering a final judgment from which an appeal might be perfected.