Durwood O. PHILLIPS et ux., Appellants,

v.

Bill C. LATHAM, Appellee.

No. 4264.

Court of Civil Appeals of Texas.
Eastland.

Oct. 25, 1968.

Rehearing Denied Nov. 15, 1968.

Charles Ben Howell, Dallas, for appellants.

Payne, Pace & Benners, John A. Pace, Dallas, for appellee.

COLLINGS, Justice.

Durwood O. Phillips and wife, Mary Sue Phillips brought suit against Bill C. Latham in trespass to try title to recover title and possession of certain described real estate situated on Wisteria Street in Dallas which had previously been the home of the plaintiffs. Plaintiffs alleged that the defendant fraudulently induced them to convey their home to defendant; that defendant approached plaintiffs urging them to buy a house which he would build for them in Duncanville, and represented that he would secure 100% financing on the proposed new house; that defendant represented that he would find a buyer for plaintiff's home to yield not less than $4,000.00 net after expenses for plaintiff's equity or would personally pay plaintiffs such amount if they would convey their Dallas property; that relying upon defendant's representations plaintiffs executed a deed conveying their home in escrow to a title company, and that the defendant in violation of his representations thereafter fraudulently obtained title to plaintiff's property but has failed to pay plaintiffs the $4,000.00 as he falsely represented. The case was tried before a jury and based upon the verdict judgment was rendered in favor of the defendant. Durwood O. Phillips and wife have appealed.

The pleadings and testimony of appellee Latham was to the effect that Mr. and Mrs. Phillips' conveyance of their Dallas property was by the agreement of the parties a down payment on a new house in Duncanville which he had contracted to build for them. The jury found in answer to special issue number 14 that appellants agreed to transfer said property to Latham as a down payment on the Duncanville property. In appellants' pleadings and testimony it was contended that Latham, when he was unable to find a buyer of their Dallas property prior to the closing of the loan on the new Duncanville house falsely represented to appellants that the savings and loan association would not allow them to hold two loans at the same time; that such representation was a material one, and made by Latham for the purpose of inducing, and did induce appellants to make a conveyance of their property, but that such conveyance was made with the understanding that the deed would be deposited and held in escrow until Latham paid $4,000.00 to appellants. In answer to issues Numbers 1 and 7 it was found in effect that Latham did not represent to ap-

pellants, as they contend, that the Duncanville Savings Association would not allow appellants to hold two loans at the same time, and that Latham did not prior to the execution by appellants of the deed to their Dallas property represent that such deed would be deposited and held in escrow until $4,000.00 had been paid to appellants by Latham.

Appellants urge two points in which it is contended (1) that the court erred in excluding from the evidence answers which appellee gave to certain requests for admission in another suit between the parties which answers, appellants contend, established that the conveyance of their Dallas property was not a trade-in upon the Duncanville property, and that appellants received no consideration for their conveyance to appellee of the Dallas property, and (2) erred in overruling appellants' motion for judgment non obstante veredicto, asserting that appellee's answers to the requests for admissions in such other suit are judicial declarations which appellee cannot now deny, and that such answers establish that appellee gave no consideration for the Dallas property, and that appellee is therefore holding such property for appellants as a constructive trustee. By appellants' Bill of Exceptions as set out in the transcript it is shown that there was a prior litigation between the parties in the 116th District Court of Dallas County, the docket sheet of which shows that such action was a suit by appellant Phillips against Latham on a sworn account for concrete work which he, Phillips, did on the construction of the Duncanville property. The answers of Latham to the requests for admission which appellants sought to place in evidence in this case were given in and are a part of the record in that case.

Appellants' points are overruled. Rule 169, Texas Rules of Civil Procedure provides that:

"Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither

constitutes an admission by him for any other purpose nor may be used against him in any other proceeding."

By the very terms of the rule the request for admissions and answers in a different law suit were inadmissible and the court properly refused to admit them in evidence.

The findings of the jury support and require the judgment rendered. No statement of facts had been filed in this court. Ordinarily a judgment should not be reversed for alleged erroneous exclusion of evidence in the absence of a statement of facts. Torrey v. Cameron, 74 Tex. 187, 11 S.W. 1088 (Sup.Ct., 1889); Daniel v. Daniel, Tex.Civ.App., 128 S.W. 469 (CCA, 1910, Writ Ref.); Robinson v. Howard County, Tex.Civ.App., 287 S.W.2d 234 (CCA, 1956, N.R.E.); Klimist Store Fixture Mfg. Co. v. Bearden, Tex.Civ.App., 374 S.W.2d 783 (CCA, 1964, N.W.H.). There was no clear showing of an exclusion of evidence which was reasonably calculated to cause and probably did cause rendition of an improper judgment.

The judgment is affirmed.