Glenn S. RINKER, Appellant,

v.

Floyd WARD, Appellee.

No. 6012.

Court of Civil Appeals of Texas.

El Paso.

April 16, 1969.

Rehearing Denied May 14, 1969.

Warren Burnett, Bob Hoblit and William "Ruff" Ahders, Odessa, for appellant.

Strasburger, Price, Kelton, Martin & Unis, John H. Hall, Royal H. Brin, Jr., Dallas, for appellee.

OPINION

PRESLAR, Justice.

This is an appeal by the plaintiff in an automobile guest statute case from a summary judgment rendered for the defendant. Involved are questions of res judicata, statute of limitations, and whether there was a fact question raised. We affirm the judgment of the trial court on the basis of appellee's first counterpoint to the effect that we cannot decide the question as to whether or not fact issues are presented in the absence in this court of the depositions which were before the trial court.

One of the grounds of the motion for summary judgment was that there was no issue of fact and that there was no evidence to show gross negligence, this being a guest statute case. Before the court and for its use in deciding this question were the depositions of the plaintiff, Rinker, and the defendant, Ward, along with stipu-

lations and affidavits not here material. The trial court, in sustaining the motion for summary judgment, necessarily determined that there was no genuine issue as to a material fact, and appellant says that the court erred in such conclusion. We are unable to determine whether the trial court erred in this respect or not, because appellant has not brought forward for our consideration the depositions which were before the trial court. As noted by the Supreme Court in the case of Englander Co., Inc. et al. v. Kennedy, 428 S.W.2d 806 (Tex.1968), the burden is on the party appealing from a trial court judgment to show that that judgment is erroneous in order to obtain a reversal, and when the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts. The court quoted with approval from the Court of Civil Appeals decision 424 S.W. 2d 305, in the case as follows:

" 'In the absence of a complete statement of facts there is no way for us to ·examine the whole record to determine whether there is any evidence to support the court's findings and conclusions. With only a partial statement of facts before us we must presume that there was evidence to support the court's findings.' "

In the case before us, then, we must presume that the trial court correctly found from the depositions that there was no genuine issue of fact. We are in no position to say that the court erred when we do not have before us the same evidence that the court had before it in reaching its decision. This point is very clearly set forth, so far as summary judgment cases are concerned, in the case of Alexander v. Bank of American National Trust and Savings Association, Tex.Civ.App., 401 S.W.2d 688 (wr. ref.). In that case the appeal was from summary judgment in which the court considered, among other matters, the deposition of the defendant. The deposition was not brought forward and the contention was made on appeal that a fact issue precluded summary judgment under Rule 166–A, Texas Rules of Civil Procedure. In its opinion the court said:

"It is impossible for us to decide from that incomplete record that the judgment was erroneous. Torrey v. Cameron, 74 Tex. 187, 11 S.W. 1088. It is presumed the omitted deposition established its propriety. Armstrong v. West Texas Rig Company, Tex.Civ.App., 339 S.W.2d 69, 73, writ ref. n. r. e.; Locke v. J. H. Marks Trucking Co., Tex.Civ. App., 318 S.W.2d 1; Stovall v. Scofield, Tex.Civ.App., 325 S.W.2d 221, McFarland v. Connally, Tex.Civ.App., 252 S.W. 2d 486, 488."

In the case before us, appellant says that he has brought forth sufficient evidence to show that a fact question exists in that he quotes in his brief from the depositions which were before the trial court, and also in that he filed a trial brief in which quotations were taken from the depositions and that such trial brief was filed of record in the trial court. The trial brief would be, at best, in the nature of a pleading, and would not be the summary judgment evidence spoken of in Rule 166–A. The excerpts from the depositions do not suffice for us to reverse the trial court, because we know not what was contained in the remainder of the depositions. For all we know, there could have been judicial admissions wiping out the statements attributed to the parties in the excerpts set forth.

■ Appellant seeks to invoke Rule 404, Texas Rules of Civil Procedure, which provides that informalities in the record which are not objected to within thirty days are waived. We do not think Rule 404 is involved here because the appellee does not seek to strike or have disregarded the matters before the court. His contention is, simply, that what is here is insufficient.

Being of the opinion that under the state of the record we must presume that the

judgment of the trial court is correct, and that it is not possible for us to decide from such incomplete record that the judgment was erroneous, we affirm the judgment of the trial court.