Joseph J. REY, Appellant,

v.

AMERICAN CAPITOL INSURANCE COMPANY, Appellee.

No. 6057.

Court of Civil Appeals of Texas, El Paso.

Jan. 21, 1970.

Rehearing Denied Feb. 11, 1970.

Joseph J. Rey, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, Harold L. Sims, El Paso, for appellee.

OPINION

PRESLAR, Justice.

This is an appeal from a summary judgment granted the plaintiff on a promissory note. We are of the opinion that the judgment should be affirmed.

■ Appellant and another signed the note in question, and the record brought to this court does not show any disposition of the other defendant. However, appellee has disposed of the question of the judgment being appealable by statement in its brief that non-suit and dismissal have been granted as to the other party defendant. On that basis we will treat the judgment as final, and dispose of the appeal on its merits.

■ Appellant admits that he signed the note, but urges the defense that he did not receive the consideration therefor. He says that a fact issue is raised and that a question is presented as to proof of his signature as endorsee on the check of appellee which was exchanged for the note. The trial court, in sustaining the motion for summary judgment, necessarily determined that there was no genuine issue as to a material fact. Rule 166–A, Texas Rules of Civil Procedure. We are unable to determine whether the trial court erred in this respect or not, because appellant has not brought forward for our consideration his deposition which was before the trial court. To obtain a reversal, the burden is on the party appealing from a trial court judgment to show that the judgment is erroneous. When the complaint is that the evidence is factually or legally insufficient to support vital findings, or is contrary thereto, this burden cannot be discharged by the complaining party in the absence of a complete or agreed statement of facts. This is fully discussed by the Supreme Court in the case of Englander Co., Inc. v. Kennedy, 428 S.W.2d 806 (Tex.1968). In the case before us, then, we must presume that the trial court correctly found from the deposition that there was no genuine issue of fact. We are simply in no position to say that the court erred when we do not have before us the same evidence on which the trial court based its decision. The application of this principle to summary judgments is very clearly set out in the case of Alexander v. Bank of American National Trust & Savings Association, Tex.Civ.App., 401 S.W.2d 688 (wr. ref.). The case is like the one before us in that the appeal was from a summary judgment in which the court considered, along with other evidence, the deposition of the defendant. That deposition was not brought forward on appeal where the contention was made, as here, that a fact issue existed. In its opinion the Court said:

"It is impossible for us to decide from that incomplete record that the judgment was erroneous. Torrey v. Cameron, 74 Tex. 187, 11 S.W. 1088. It is presumed the omitted deposition established its propriety. Armstrong v. West Texas Rig Company, Tex.Civ.App., 339 S.W.2d 69, 73, writ ref. n. r. e.; Locke v. J. H. Marks Trucking Co., Tex.Civ.App., 318 S.W.2d 1; Stovall v. Scofield, Tex.Civ.App., 325 S.W.2d 221; McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486, 488."

■ Appellant also questions the affidavit made by appellee's attorney in support of its motion for summary judgment; but we are unable to say that reversible error is presented in that regard. The contention is that the attorney is an interested party, since attorney fees are involved, and therefore the affidavit of an interested party cannot be considered as doing more than raising an issue of fact, standing alone, unless it is clear, direct and positive. The proposition of law is sound, but in this case the affidavit alone is not relied on to support the motion for summary judgment. The note which appellant signed was before the trial court,

as was his deposition. That deposition could have cured any deficiencies of proof which may have existed if the affidavit alone were relied upon. We do not know what the deposition contained, but the trial court did, and we are in no position to say that he erred in evaluating it.

Being of the opinion that no reversible error is presented by the record before us, we affirm the judgment of the trial court.