**CLAYTON MANUFACTURING COMPANY, Inc., Appellant,**

v.

**FLAKE UNIFORM & LINEN SERVICE, INC. et al., Appellees.**

**No. 17103.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 20, 1970.

John Weintraub, Houston, for appellant.

Sherrill, Pace & Rogers, and Lonny D. Morrison, Wichita Falls, for appellees.

## OPINION

BREWSTER, Justice.

The matter being considered is the motion of the appellee, Flake Uniform and Linen Service, to dismiss the appeal. The parties will be referred to as they were in the trial court.

The plaintiff, Clayton Manufacturing Company, Inc., brought this suit against two defendants, namely, Joe Goeringer, an individual, and Flake Uniform and Linen Service, a corporation. The suit was an action on a sworn account. After the corporate defendant had answered in the case, it filed a motion asking for a summary judgment in its favor as against the plaintiff. On hearing the motion the trial judge granted the corporate defendant's motion for summary judgment and on October 6, 1969, signed a written judgment so granting such motion and decreeing that the plaintiff take nothing by its suit against the corporate defendant and that such corporate defendant recover its costs. This judgment did not purport to make any disposition at all of the case filed by the plaintiff against the individual defendant, Goeringer, and did not refer to him in any way. Following the rendition of this summary judgment the plaintiff has appealed to this Court seeking to set aside such summary judgment. The corporate defendant has filed a motion to dismiss this appeal on the grounds that no final appealable judgment has yet been rendered in the case.

We conclude that the motion to dismiss the appeal is good and should be sustained.

■ Only final judgments of District Courts can be appealed from in cases such as this one. Art. 2249, Vernon's Ann.Civ. St.

■ A case in point is the Supreme Court case of Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959). The court there held that a summary judgment that does not dispose of all parties and all issues that are in a case, in the absence of a severance of the disposed of part of the case from the undisposed of part of such case, is only an interlocutory decree and is not appealable because it is not a final judgment.

There has been no severance in this case before the court.

The Supreme Court in the Pan American case, supra, indicated that in such cas-

es the appealing party would not be deprived of an appeal. His appeal would be delayed until such time that a final decree in the case is rendered.

Another case that is in line with the Pan American case, supra, is Maxfield v. Dunagan, 254 S.W.2d 150 (Dallas Civ.App., 1952, no writ hist.).

 The proper procedure for an appellate court to follow in cases such as this, where a party has attempted a premature appeal, is for such court to dismiss the appeal. See the Pan American case, supra; Dunn v. Tillman, 271 S.W.2d 702 (Beaumont Civ.App., 1954, no writ hist.); and Linn v. Arambould, 55 Tex. 611 (Tex.Sup., 1881).

This appeal is dismissed.