**D. A. WOOD, Appellant,**

v.

**INDIANA LUMBERMEN'S MUTUAL IN-SURANCE COMPANY, Appellee.**

**No. 5120.**

Court of Civil Appeals of Texas, Waco.

Feb. 29, 1972.

Rehearings Denied March 16, 1972.

———◆———

Henry Stollenwerck, Dallas, for appellant.

Strasburger, Price, Kelton, Martin & Unis, R. Chris Harvey, Royal H. Brin, Jr., Dallas, for appellee.

HALL, Justice.

In another lawsuit, the appellant in this case, D. A. Wood, was granted a default judgment against Alfred Nixon for personal injury and property damages resulting from an automobile collision. Wood then brought this action against the appellee, Indiana Lumbermen's Mutual Insurance Company, upon an automobile liability policy issued by the company to Nixon. The company filed a motion for summary judgment on the ground that Nixon's policy had been cancelled prior to his collision with Wood. The motion was granted and judgment was rendered that Wood take nothing.

Wood challenges the judgment on several grounds, contending, primarily, that the summary judgment proof showed that the alleged cancellation of the policy "was not effective" for various reasons.

The record reflects that the depositions of Frank Herrin, Mrs. Clarence W. Bailey, Helen Hall and Alfred Nixon, and an affidavit of A. M. Temples, were filed in the case; and the judgment expressly recites that the court considered "all affidavits and depositions which are on file herein" before concluding that the company's motion for summary judgment should be granted.

The record before us does not contain the depositions of Helen Hall and Mrs. Clarence W. Bailey. We cannot decide from the incomplete record that the judgment is erroneous. It is presumed that the omitted depositions authorized the judgment. Alexander v. Bank of Am. Nat. Trust & Sav. Ass'n (Tex.Civ.App.—Waco, 1966, writ ref.), 401 S.W.2d 688, 689.

Affirmed.