**Johnnie JOINER, Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE COR-
PORATION, Appellee.**

No. 8322.

Court of Civil Appeals of Texas,
Amarillo.

Dec. 11, 1972.

Rehearing Denied, Jan. 8, 1973.

Hurley & Sowder, Madison Sowder, Lubbock, for appellant.

Key, Carr, Evans & Fouts, Lubbock, Strasburger, Price, Kelton, Martin & Unis, Bailey, Williams, Westfall & Henderson, C. Edward Fowler, Jr., Dallas, for appellee.

REYNOLDS, Justice,

Appeal has been perfected by Johnnie Joiner, one of two defendants against whom was rendered summary judgment liability on promissory notes. Affirmed.

Federal Deposit Insurance Corporation, as transferee-owner and holder of certain assets of the defunct Lorenzo State Bank, instituted this suit against Jimmie Joiner, as maker of certain promissory notes and obligor for a bank overdraft, and against Johnnie Joiner, as maker of other promissory notes, payable to the order of Lorenzo State Bank, to recover on the obligations. Jimmie Joiner answered by a general denial. Johnnie Joiner answered and, in verified pleadings pertaining to the notes involved in this appeal, denied any consideration for two of the notes that he claimed he executed pursuant to an agreement that he would not be called upon to pay them, and denied execution of one

note as well as any consideration for his execution of an acknowledgment that this note was signed on his behalf.

■ Following a hearing on F.D.I.C.'s motion for summary judgment and leave granted for the filing of additional pleadings and briefs, the trial court rendered summary judgment in favor of F.D.I.C. against both defendants. The judgment entered recites that the trial court " . . . has now considered the pleadings, depositions and admissions on file herein, together with such affidavits [supporting and opposing summary judgment], and finds that they show an absence of genuine issue of any material fact . . .." Jimmie Joiner did not perfect an appeal, and the judgment has become final as to him. Johnnie Joiner's first point of error is that summary judgment is precluded against him by existent genuine issues of material fact. To support the other two error points, Johnnie Joiner states in his brief that two of the notes for which he was summarily held liable have now been paid to F.D.I.C. by the surety on a banker's bond and, therefore, as a matter of law, he is entitled to judgment as to those notes. The points of error are overruled.

■ There is no record evidence of any payment by the surety, and such out-of-record statements contained only in the brief cannot be considered. Barney v. Credit Plan Corp., 403 S.W.2d 230 (Tex. Civ.App.—San Antonio 1966, no writ). The depositions considered by the trial court in determining the justification of and for the summary judgment are not included in the appellate record. In the absence of the complete record considered by the trial court, the appellate presumption is that the omitted depositions established the propriety of the summary judgmen rendered and entered. Alexander v. Bank of Am. Nat. Trust & Sav. Ass'n, 401 S.W.2d 688 (Tex.Civ.App.—Waco 1966, writ ref'd).

The summary judgment is affirmed.