Kelley WILLIAMS, dba Chaparral Moving & Storage, Appellant,

v.

MACK FINANCIAL CORPORATION et al., Appellees.

No. 745.

Court of Civil Appeals of Texas, Tyler.

Dec. 13, 1973.

Rehearing Granted Jan. 17, 1974.

Second Rehearing Denied Feb. 7, 1974.

---

Jim D. Lovett, Thomas L. Hooton, Clarksville, for appellant.

A. B. Conant, Jr., Shank, Irwin, Conant, Williamson & Grevelle, Dallas, for appellees.

DUNAGAN, Chief Justice.

Suit was instituted by Mack Financial Corporation against Kelley Williams to foreclose its security interest in a truck purchased by Kelley Williams. Williams filed a cross-action against Mack Financial Corporation and brought in Mack Trucks,

Inc., and Transport Indemnity Company as third party defendants. Appellant, Williams, alleged that all three parties conspired against him and he sought damages for fraud, breach of contract and outrageous conduct. The cause of action alleged by Williams was a joint and several cause of action against Mack Trucks, Inc., Mack Financial Corporation and Transport Indemnity Company.

The trial court granted a motion for summary judgment filed by appellee, Mack Financial Corporation, decreeing that it recover its damages incurred in foreclosure. Further, it was ordered that Williams take nothing on his claim against cross-defendant Mack Financial Corporation and third party defendant Mack Trucks, Inc. The order made no mention of the other third party defendant—Transport Indemnity Corporation. Appellant is now requesting we reverse the summary judgment granted below.

The summary judgment entered by the trial court disposes of all parties except Transport Indemnity Company. The transcript does not show an order of severance; consequently, it is not a final judgment.

 Therefore, not all of the parties in the case have been disposed of. It is firmly entrenched in Texas jurisprudence that a summary judgment which does not dispose of all parties and all issues in a pending suit is interlocutory and not appealable unless a severance is granted as to that phase of the case omitted in the judgment. Lopez v. Royal Indemnity Co., 482 S.W.2d 703 (Tex.Civ.App., San Antonio, 1972, n.w.h.) ; Clayton Mfg. Co. v. Flake Uniform & Linen Service, Inc., 451 S.W. 2d 934 (Tex.Civ.App., Fort Worth, 1970, n.w.h.) ; Plaster v. Texas City, 380 S.W.2d 137 (Tex.Civ.App., Tyler, 1964, n.w.h.) ; Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959) ; Mc-Cormack v. Morgan, 306 S.W.2d 439 (Tex.Civ.App., Dallas, 1957, n.w.h.).

Since the record does not show an order of severance, we do not have the power to review the partial summary judgment granted in this cause. This court being without jurisdiction, it becomes our duty to dismiss the appeal on our own motion. Plaster v. Texas City, supra; Miller v. Esunas, 401 S.W.2d 150 (Tex.Civ.App., Tyler, 1966, writ ref'd n.r.e.).

The appeal is dismissed for want of jurisdiction.

## ON MOTION FOR REHEARING

Earlier this term we dismissed this appeal because the transcript failed affirmatively to disclose that we had jurisdiction as the judgment shown therein did not make disposition of the case as to one of the parties, Transport Indemnity Company. Appellant later filed a supplemental transcript which, in connection with the original transcript, it now appears that we do have jurisdiction. Appellant has moved for rehearing and that we set aside our former order dismissing the appeal. The motion is well taken and our former order is set aside and the appeal reinstated. We shall now proceed to consider the appeal on its merits.

Kelley Williams alleges on appeal that the outrageous conduct of the appellees in taking such a great length of time to repair his truck caused him to suffer a great deal of mental or emotional distress. He admits that he incurred no physical injury, but feels that the jurisprudence of this State has reached a stage where damages can be awarded solely for emotional distress.

 Even if we assume this to be a proper case for an award of damages for emotional distress unaccompanied by physical injury, we would be unable to reverse the lower court due to the incomplete record presented us on appeal. To obtain a reversal, the burden is on the party appealing from a trial court judgment to show that the judgment is erroneous. When the complaint is that the evidence is

factually or legally insufficient to support vital findings, or is contrary thereto, this burden cannot be discharged by the complaining party in the absence of a complete or agreed statement of facts. Englander Co., Inc. v. Kennedy, 428 S.W.2d 806 (Tex.Sup.1968); Coleman v. Pacific Employers Insurance Company, 484 S.W.2d 449 (Tex.Civ.App., Tyler, 1972, writ ref'd n.r.e.). The transcript reveals that seven depositions were filed in the trial court, but only one of them was brought upon appeal. The judgment entered in the trial court recites it duly considered the record in this cause, part of which is not made available to us. In the absence of the complete record considered by the trial court, the appellate presumption is that the omitted depositions established the propriety of the summary judgment rendered below. Torrey v. Cameron, 74 Tex. 187, 11 S.W. 1088 (1889); Alexander v. Bank of American National Trust and Savings Association, 401 S.W.2d 688 (Tex.Civ.App., Waco, 1966, writ ref'd); Rinker v. Ward, 440 S.W.2d 387 (Tex.Civ.App., El Paso, 1969, writ ref'd n.r.e.); Rey v. American Capitol Insurance Company, 450 S.W.2d 155 (Tex.Civ.App., El Paso, 1970, writ ref'd n.r.e.); Scruggs v. George A. Hormel & Company, 464 S.W.2d 730 (Tex.Civ.App., Dallas, 1971, writ ref'd n.r.e.); Wood v. Indiana Lumbermen's Mutual Insurance Company, 477 S.W.2d 657 (Tex.Civ.App., Waco, 1972, writ ref'd n.r.e.); Joiner v. Federal Deposit Insurance Corporation, 488 S.W.2d 953 (Tex.Civ.App., Amarillo, 1972, n.w.h.).

Judgment affirmed.

## ON APPELLANT'S SECOND MOTION FOR REHEARING

Appellant has filed his second motion for rehearing in which, among other things, he requests that this court order his original transcript be supplemented or that he be permitted to amend the transcript to include the depositions that were omitted from the original transcript.

(1) On July 12, 1973, the transcript of this case (without any depositions) was filed in the Court of Civil Appeals.

(2) On August 28, 1973, appellant filed his motion to supplement the record in this case by bringing up one of the depositions that was on file with the trial court.

(3) On September 5, 1973, appellees filed their response contesting appellant's motion.

(4) On October 4, 1973, this court granted appellant's motion to supplement the record by bringing up the one deposition.

(5) On October 16, 1973, the appellees filed their brief in this cause. The preliminary statement in that brief re-urged appellees' prior objections to the motion to supplement the record and contained, as its Counterpoint No. 1, the following:

"The judgment of the trial court should be affirmed because appellant has not brought to this court a sufficient record for his appeal to be considered on its merits."

The statement under Counterpoint No. 1 specifically called to the attention of this court and the appellant the absence of six additional depositions.

(6) On November 20, 1973, the case was submitted and orally argued to this court.

(7) On January 17, 1974, this court affirmed the judgment of the trial court.

(8) On January 28, 1974, the appellant, for the first time, sought to bring up the six omitted depositions.

This record reflects that appellant has been aware for five months, which was long before the submission and oral argument of this case to this court, of the necessity for such depositions to be brought up as a part of the record in this case and of appellees' contention that such depositions were necessary. During all of this period appellant made no effort to bring up the remaining depositions. It was sub-

sequent to this court's written decision affirming the trial court's judgment before he made any effort to bring up these omitted depositions.

 Appellant's request that the original transcript be supplemented to include the omitted depositions is not timely made and must be denied. Sympson v. Mor-Win Products, Inc., 501 S.W.2d 362 (Tex.Civ. App., Fort Worth, 1973, n.w.h. reported as of now), and Coleman v. Pacific Employers Insurance Co., 484 S.W.2d 449 (Tex.Civ. App., Tyler, 1972, writ ref'd n.r.e.).

Appellant's motion for rehearing in its entirety has been considered and is respectfully overruled.