**DETOX INDUSTRIES, INC., Appellant,**

v.

**Leroy J. LEEDS, Appellee.**

**No. 07–89–0050–CV.**

Court of Appeals of Texas, Amarillo.

May 5, 1989.

W. Richard Ellis, III and Kathryn A. Carpenter, McCullock, Ellis & Payne, Houston, for appellant.

Kenneth M. Morris and Alex M. Mair, Morris & Campbell, Houston, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Detox Industries, Inc., perfected this appeal from a summary judgment, rendered in a garnishment proceeding, decreeing its monetary liability to Leroy J. Leeds. With six points of error, Detox seeks a reversal and remand. In the state of the appellate record, the points will be overruled and the judgment will be affirmed.

Detox had the burden to present a record sufficient to show the alleged errors requiring reversal. Tex.R.App.P. 50(d). The transcript presented does not contain some of the attachments referred to in the pleading instruments; however, it is sufficient for a decision on the appeal.

Leeds initiated the garnishment proceedings underlying this appeal to satisfy a judgment he had secured against Thomas A. Dardas in the principal sum of $30,000, together with pre- and post-judgment interest thereon at the rate of ten percent per annum. Detox answered the writ of garnishment by verifying that it was indebted to Thomas A. Dardas, aka Thomas A. Dardas, Trustee, in the amount of $52,499.72.

Then, Leeds moved for summary judgment. The ground of his motion was that his judgment against Dardas, a true and correct copy of which was attached and incorporated, and Detox's verified answer to the writ of garnishment established his entitlement as a matter of law to judgment against Detox in the amount of $43,885.70, the amount owing on the Dardas judgment.

Detox filed a response by which it sought the denial of the motion for summary judgment. The bases for the denial was that (1) Detox had previously been served with a writ of garnishment in a companion case, cause no. 85–61519 on the docket of the 125th Judicial District Court of Harris County, styled *James Gullett v. Thomas A. Dardas, a/k/a Thomas A. Dardas, Trustee, and Detox Industries, Inc.;* (2) it had answered in the cause that it was indebted to Dardas in the amount of $52,-499.72; and (3) the funds previously garnished in the *Gullett* case are not available to satisfy the judgment in the present proceeding. Detox declared that certified copies of the writ of garnishment and its answer in the *Gullett* suit are attached as exhibits "A" and "B," but the transcript does not contain the exhibits.

Leeds answered Detox's response with a verified pleading. Leeds first asserted that Detox's response was not timely filed and should not be considered. In this connection, Leeds represented that his motion for summary judgment is set for submission on 9 September 1988, that Detox's response was filed on 2 September 1988, and that the "[r]esponse was not filed 'seven days prior to the day of hearing' within the meaning of TEX.R.CIV.P. 166a."

After other replies, Leeds next interposed the claim that none of Detox's alleged court filings in the *Gullett* cause are certified. Finally, Leeds avowed that his counsel, who also represents James Gullett in cause no. 85–61519–D, has filed a nonsuit in that cause. Attached to the answering response were copies of the executed motion for the nonsuit and an unsigned, proposed order for the granting of the nonsuit motion and the dismissal of the *Gullett* case.

Thereafter, on 8 September 1988, Detox moved for leave to file a supplemental response to the motion for summary judgment on the ground that the nonsuit in the *Gullett* cause had materially altered the circumstances surrounding the motion.

Detox's motion was accompanied by a proposed, unsigned order granting leave.

The supplemental response submitted at the same time purports to evince that (1) at the time of answer, Detox requested issuance of service on Dardas in order that he may present any claims that he has to the debt and, since Dardas has not yet appeared, Detox requested that its motion for continuance, submitted in response to the motion for summary judgment, be granted; (2) the debt is properly before the *Gullett* court and is not available for satisfaction of the judgment in this proceeding, as shown by the certified copy of the *Gullett* court's order attached as exhibit B; (3) Leeds has not shown that the nonsuit has been signed by the *Gullett* court; and (4) contrary to the affidavit of Leeds's counsel, the pleadings in the *Gullett* cause attached to its response were certified copies. Neither Detox's motion for continuance nor the *Gullett* court's order referred to as exhibit B is included in the transcript.

On the same day, September 8, Detox's attorney filed a written notice to all attorneys of record that on Friday, 16 September 1988 at 9 a.m., the Leeds motion for summary judgment, Detox's motion for continuance, and its motion for leave to file a supplemental response to the motion for summary judgment would be presented to the court for an oral hearing. No order respecting the hearing appears in the record.

The next transcript entry is the summary judgment signed on 19 September 1988. By it, the court, finding that Leeds's motion for summary judgment should be granted, ordered that Leeds is awarded judgment against Detox for the principal sum of $43,981.19, together with post-judgment interest at the rate of ten percent per annum, and that all relief not expressly granted is denied.

Nine days later on September 28, Detox filed a motion for new trial. A new trial was sought on the grounds that (1) the debt owed by Detox to Dardas has not yet matured or been demanded by Dardas and, therefore, Leeds is not entitled to recover; (2) the notice given to Detox, a true and correct copy of which is attached, does not have a complete notification to Dardas concerning his right to replevy and, since Dardas was not brought in as a party before summary judgment was rendered, the court should reconsider the granting of summary judgment; and (3) summary judgment was inappropriate because the prior garnishment proceedings in the *Gullett* case raised a fact issue whether Leeds had any entitlement to the indebtedness he sought to garnish. The copy of the notice mentioned in item 2 is not shown in the transcript.

Detox coupled its motion for new trial with an amended answer to the writ of garnishment. By the amendment, Detox certified to the debt owed Dardas, but stated that it is not yet due and owing.

The transcript does not show an order signed by the court pertaining to the motion for new trial. The transcript does include the court's docket sheet on which is recorded, with the initials of the trial judge, information that Detox's motion was under advisement and was, on 20 December 1988, denied. However, before that date, the motion was overruled by operation of law on 5 December 1988. Tex.R.Civ.P. 329b(c); Tex.R.Civ.P. 4. As a result, the recorded denial of the motion on 20 December 1988 is a nullity. *Taack v. McFall,* 661 S.W.2d 923, 924 (Tex.1983).

■ Preliminary to any address of Detox's points of error, a threshold consideration is the sole position of Leeds, as expressed in his brief, that Detox has waived any right to complain. Otherwise, Leeds has not replied to Detox's points.

The waiver obtains, Leeds states, because the hearing on his motion for summary judgment was set for 9 September 1988; Detox filed its response to the motion on 2 September 1988, which was later than the seven-days-prior-to-the-day-of-hearing requirement of Rule 166a(c), Texas Rules of Civil Procedure, and, thereby, the motion for summary judgment should be construed as unopposed; Detox's motions for continuance and for leave to file a supplemental response were never granted; and Detox's motion for new trial relates

only to matters never properly submitted to the trial court. Measured by this record, the position is not well-taken.

At the outset, it is observed that there is nothing in the appellate record to evidence that a hearing on the motion for summary judgment was set for 9 September 1988; indeed, aside from the previously mentioned notice by Detox's attorney that the Leeds motion for summary judgment and other named matters would be presented on 16 September 1988 for an oral hearing, the only indication of a setting is a docket sheet notation under "SETTINGS" of "9 19 88." Consequently, the out-of-record statement that the hearing on the motion for summary judgment was set for 9 September 1988 cannot be credited. *Joiner v. Federal Deposit Insurance Corporation,* 488 S.W.2d 953, 954 (Tex.Civ.App.—Amarillo 1972, no writ).

Beyond that, even had a 9 September 1988 hearing been set before Detox's response was filed on the preceding September 2, the response was timely filed under the requirement of Rule 166a(c), *supra. Volvo Petroleum, Inc. v. Getty Oil Co.,* 717 S.W.2d 134, 137–38 (Tex.App.—Houston [14th Dist.] 1986, no writ). And, given that Detox's supplemental response was filed eight days before any recorded day of hearing, it was timely filed without the necessity of securing leave of court. Agreeable therewith, Detox's responses were properly before the trial court at the time the motion for summary judgment was granted.[1]

■ With the first five of its six points of error, Detox charges the trial court erred in granting Leeds's motion for summary judgment. Initially, Detox contends that there was a fact issue whether Leeds was entitled to the indebtedness since the *Gullett* garnishment was prior in time and in right. *See Commercial Credit Corp. v.*

*U.S. Fire Ins.,* 630 S.W.2d 651, 652 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd, n.r.e.) (holding that garnishment which is prior in time of service is prior in time of right).

Assuming that certified copies of the prior writ of garnishment and answer filed in the *Gullett* cause, which are not shown in the appellate record, were attached to Detox's response and before the court, a fact issue of Leeds's entitlement to the debt was raised. However, Leeds countered the response with his counsel's affidavit, and attachments, showing that the motion for nonsuit was filed in the *Gullett* case not later than 6 September 1988.

■ A plaintiff may dismiss, or take a nonsuit, at any time before he has introduced all of his evidence other than rebuttal evidence, but the dismissal shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. Tex.R.Civ.P. 162. The right of a plaintiff to take a nonsuit is absolute and unqualified when the motion therefor is timely made, *State v. Gary,* 163 Tex. 565, 359 S.W.2d 456, 459 (1962), and the adverse party has not filed a claim for affirmative relief. *Greenberg v. Brookshire,* 640 S.W. 2d 870, 872 (Tex.1982). The right exists from the moment the written motion is filed, and the trial judge has a ministerial duty to grant the motion. *Id.*

There is no suggestion, much less a claim, that the adverse party in the *Gullett* suit sought affirmative relief. The affidavit of Leeds's counsel, embracing a sworn copy of the filed motion for nonsuit, was proper summary judgment evidence before the court at the hearing of the motion for summary judgment. Tex.R.Civ.P. 166a(c), (e). As such, the affidavit established both the right to a nonsuit at the moment the motion was filed in the *Gullett* cause, irrespective of whether the trial judge had

---

1. On the day this appeal was submitted on the briefs pursuant to the 21–day notice provision of Rule 75(f), Texas Rules of Appellate Procedure, Detox moved, over the opposition of Leeds, to postpone the submission to enable it to file motions to supplement the transcript and for leave to file a reply and supplemental brief to demonstrate that its response and supplemental response were timely filed, and that it has not waived its right to complain on appeal of the granting of the motion for summary judgment. The determination that Detox's responses were timely filed renders moot the reasons for the motion to postpone submission and the other motions. Consequently, the motions are overruled.

performed the ministerial duty of granting it, and that the prior garnishment proceedings there no longer raised a fact issue of Leeds's entitlement to the debt Detox owed Dardas. The first point of error is overruled.

Detox's second- and third-point contentions are directed to the notice of the writ of garnishment served on Dardas. Detox begins with the contention that the writ of garnishment served on Dardas was served on him only in his capacity as president of Detox, and not served on him individually, and, therefore, notice of his right to replevy the debt was not properly given. Then, premised on the defective notice, Detox contends the court should have granted its motion for continuance, which was denied according to an entry on the docket sheet, since it had requested service on Dardas so he could establish his rights to the indebtedness.[2]

■ The immediate difficulty with the contentions is that Detox has not presented a record including the notice to show the error, if any, nor its motion for continuance. As a result, Detox's out-of-record statement of error in the notice cannot be given credence. Tex.R.App.P. 50(d); *Joiner v. Federal Deposit Insurance Corporation*, 488 S.W.2d at 954. Without the premise of error in the notice, it cannot be said that the court abused its discretion in overruling the motion for continuance. The second and third points of error are overruled.

Detox groups its fourth, fifth, and sixth points to complete its contentions that the court erred in granting the motion for summary judgment, and to advance its contentions that the court erred in failing to grant its motion for new trial. The error in granting the summary judgment motion, Detox says, is because the debt it owed Dardas had not yet matured and payment had not been demanded by Dardas. The error in failing to grant its motion for new trial, Detox submits, is because the motion set up the meritorious defense of an unma-

tured debt for which payment had not been demanded, the failure to answer before judgment was not intentional or caused by conscious indifference, a new trial would not occasion delay or harm Leeds, and Leeds did not file a response to the motion for new trial. The contentions are not meritorious.

■ The allegation that the indebtedness Detox owed Dardas was unmatured and payment was not demanded was not pleaded until nine days after the trial court granted the motion for, and rendered, summary judgment. This defensive matter was not raised in Detox's response to avoid Leeds's entitlement to summary judgment, and it cannot be raised after rendition of judgment as a ground for reversal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Thus, the court did not err, as contended, in granting the motion for summary judgment.

■ Although it has been written that the reasons Detox gives in justification for a new trial have no application to an appeal from the granting of summary judgment, *Enernational Corp. v. Exploitation Engineers*, 705 S.W.2d 749, 751 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.), there is a more compelling reason why a new trial was not merited. It was not sufficient for Detox to merely allege the meritorious defense; instead, Detox, to meet the meritorious defense requirement, was required to set up the meritorious defense by alleging facts which in law would constitute a defense to Leeds's garnishment action, and to support the allegations by affidavits or other evidence proving prima facie that it has such meritorious defense. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966). Detox did not do so, thereby failing to either set up or prove, prima facie, the alleged defense. *Continental Sav. Ass'n v. Gutheinz*, 718 S.W.2d 377, 383 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.). It follows that the court cannot be faulted for failing to grant Detox a new

---

**2.** Of course, if Detox were concerned with an adjudication of Dardas's right to the funds, it could have brought him into the suit by inter-

pleader, *Thompson v. Fulton Bag & Cotton Mills*, 155 Tex. 365, 286 S.W.2d 411, 414 (1956), but Detox did not file an interpleader action.

trial. Points of error four, five, and six are overruled.

The judgment is affirmed.