**K. S. (Bud) ADAMS, Jr., Appellant,**

**v.**

**J. D. GRAY et al., Appellees.**

No. 288.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Dec. 10, 1969.

John H. Caldwell, Ernest C. Hurst, Caldwell & Hurst, Houston, for appellant.

George Vance, Houston, for appellees.

TUNKS, Chief Justice.

The appellees, J. D. Gray and Tony Scarpinato, filed suit in the District Court of Fort Bend County, Texas, to recover damages sustained by them when cattle owned by the appellant, K. S. (Bud) Adams, Jr., escaped from his enclosure and entered plaintiffs' growing maize field. A trial before a jury resulted in a judgment for plaintiffs and Adams has appealed.

Appellees were lessees of a tract of land fronting on Blue Ridge Road, an unpaved road, in Fort Bend County, Texas. It was on this tract that they were growing their maize crop. Appellant was the lessee of a tract adjacent to and north of the appellees' tract. Appellant's tract, too, fronted on Blue Ridge Road. On his leased tract appellant was pasturing several hundred head of cross Brahma type cattle. On or about May 17, 1967, the appellant's cattle got out of their pasture, got into the appellees' maize field and substantially damaged it.

At the time in question Fort Bend County had in effect a stock law which prohibited owners of cattle from permitting them to run at large. An election had been held pursuant to the provisions of Chapter 6 of Title 121, Vernon's Ann.Tex.Civ.St., Art. 6954 et seq. As a result of that election, Art. 6962, V.A.T.S., had become effective. That civil statute provides:

"If a majority of the votes cast at such election shall be 'For the stock law,' the county judge shall immediately issue his proclamation declaring the result, which

proclamation shall be posted at the courthouse door, and, after the expiration of thirty days from its issuance, it shall be unlawful to permit to run at large, within the limits designated, any animal of the class mentioned in said proclamation."

Also as a result of that election, Art. 1370, Vernon's Ann.P.C. had become effective. That penal statute provides:

"Whoever shall knowingly permit any horses, mules, jacks, jennets, or cattle to run at large in any territory in this State where the provisions of the laws of this State have been adopted prohibiting any of such animals from running at large shall be fined not less than Five Dollars ($5) nor more than Two Hundred Dollars ($200)."

Plaintiffs alleged that the defendant, Adams, "was negligent as a matter of law in violation of the Stock Law of Fort Bend County. * * *" They also alleged that the defendant, Adams, "was negligent in failing to maintain the fencing and gates enclosing the cattle. * * *"

The trial court submitted only two issues as to liability. The first special issue and the instruction given in connection with it was:

"SPECIAL ISSUE NO. I

"Do you find from a preponderance of the evidence that on the occasion in question, Defendant K. S. 'Bud' Adams, Jr. failed to comply with the Stock Law of Fort Bend County?

"Answer 'We do' or 'We do not'.

"In connection with the foregoing Special Issue, you are instructed that the Stock Law of Fort Bend County, in part, prohibits cattle from running at large within the limits of Fort Bend County. You are further instructed that Defendant K. S. 'Bud' Adams, Jr. was required to maintain the fences and gates surrounding his cattle pasture in such con-

dition as to exclude cattle of ordinary disposition."

The second special issue was a proximate cause issue. Both issues were answered affirmatively, in favor of plaintiffs.

The court's charge on liability was subject to a number of objections some of which were leveled at it by the defendant. The principle objections of the defendant were to the effect that the charge assumed his liability without any negligence or knowledge on his part. The defendant also requested issues inquiring as to whether the damage was caused by the opening of the gate to his enclosure by a third party and without his knowledge.

The language of Art. 6932 has been construed. In Texas & P. Ry. Co. v. Webb, 102 Tex. 210, 114 S.W. 1171, at p. 1173, the Court said:

"* * * While the stock law is intended to require owners to confine animals, the running at large of which is prohibited, and one who permits them to run at large violates the law, it is true, nevertheless, that such animals may often escape without fault on the part of their owners, when the latter will be guilty of no offense against the law. * * *"

The language of this opinion was quoted with approval in Schumacher v. City of Caldwell, 146 Tex. 265, 206 S.W.2d 243, wherein the Court construed a city ordinance.

■ There was evidence from which the jury could have believed that the cattle escaped from the defendant's enclosure through an aluminum gate opening into Blue Ridge Road. The gate, at the end from which it normally would be opened, was secured by a locked chain. The other end rested on supports from which it could be lifted and opened. The evidence was conflicting as to the ease or difficulty with which the gate could be lifted from its support and opened in that manner. There

was testimony that it could be so opened by cattle rubbing against it. From the record it cannot be determined as a matter of law whether the defendant was or was not guilty of some fault, under the circumstances of this case, in the character of the gate used, in the manner in which it was installed or in the failure to more effectively secure it. The court's judgment based on the verdict fixed liability on the defendant without regard to such fault. In that respect it was erroneous. While there may be some question as to the propriety of the form of the defendant's objections to the charge, they seem to be sufficient to point out this error.

The parties, in their briefs, are in dispute as to where the burden of proof lies on the issue or issues as to the defendant's fault. Since this case must be remanded for another trial this Court is obliged to resolve that dispute.

There is authority for the proposition that one seeking to avoid the conclusion of negligence per se that results from the violation of a statute because his violation was excused has the burden of proving and requesting issues relative to this claimed excuse. Christy v. Blades (Tex.Sup.Ct.), 448 S.W.2d 107; Calvert, Special Issues Under Art. 6701D, Sec. 86(D), of the Texas Civil Statutes, 34 Tex.Law.Rev. 971. We are of the opinion, however, that those authorities are not applicable to the question involved here. The Supreme Court in the Webb case did not treat the absence of fault on the part of the owner of the stock as an excuse for a violation of the statute in question. The court rather treated the presence of fault as being element of the offense, saying that if the owner is without fault he "will be guilty of no offense against the law."

■ Article 6962 makes it unlawful to permit stock to run at large where the stock law has been enacted. The Supreme Court in the Schumacher case quoted from the opinion in the Webb case and emphasized the word "permits" as used in that opinion. From that it is reasonable to conclude that the fault on the part of the owner which constitutes an element of the offense is his permission of the running at large of the stock. The plaintiffs had the burden of proving that the cattle were at large through the fault of the defendant if they were to recover because of a violation of the stock law. Obviously, from the language of the Webb and Schumacher opinions, the fact that the stock were running at large does not necessarily mean that they were doing so with the owner's permission.

In another area the parties are in dispute and again we feel obliged to resolve the dispute. The appellant contends that he was guilty of no offense in violation of the stock law unless he knowingly permitted his cattle to run at large. The appellee contends that knowing permission is not so required.

■ It appears from the clear language of Art. 6962, V.A.T.S., that any permission to run at large, knowingly or otherwise, is a violation of that statute if due to fault of the owner. The clarity of this meaning is emphasized by comparing its language with that of Art. 1370 of the Penal Code. When the legislature determined to impose penal liability for permitting stock to run at large it used the words "knowingly permit." Thus the omission of the word "knowingly" from the civil statute has added emphasis. If the owner of the cattle acts, or fails to act, in such a manner that he knows his conduct will result in his cattle running at large, he will be in violation of the penal statute. But one may permit cattle to run at large without knowingly acting, or failing to act, in causing them to be or remain at large. Certainly such character of permission must have been within the contemplation of the legislature when the word "knowingly" was omitted from the Civil Statute and included in the Criminal Statute. Such permission would result from negligent conduct by which the cattle were permitted to escape, or, their having escaped, from negligence in failing

to discover that they were at large. It is not necessary, to show a violation of Art. 6962, that it be shown that the owner knowingly permitted his stock to run at large.

The holding of reversible error in the manner in which the case was submitted to the jury makes it unnecessary that we discuss other points of error presented by the appellant and which concern matters that may not occur on the occasion of another trial.

The judgment of the trial court is reversed and the case remanded.