**Morery O. ARCHER, Appellant,**

**v.**

**STORM NURSERY, INC., et al., Appellees.**

**No. 15310.**

Court of Civil Appeals of Texas, San Antonio.

June 5, 1974.

Rehearing Denied July 3, 1974.

---

Guy Leland Watts, Corpus Christi, for appellant.

G. T. Banks, Branscomb, Gary, Thomasson & Hall, Corpus Christi, for appellees.

BARROW, Chief Justice.

Appellant has perfected his appeal from a take-nothing summary judgment in his suit to recover for damages resulting from a highway collision between an automobile in which appellant was a passenger and a cow allegedly owned by a third party which was pastured on property owned by appellee, Storm Nursery, Inc. The other appellee is Wash Storm, Jr., who allegedly operates and controls such nursery corporation.

The judgment is based on the motion for summary judgment, four depositions, the pleadings of the parties, the affidavits, other papers on file in such cause of action and the argument of counsel. The judgment recites that the depositions of Wash Storm, Jr., Roberto Escobar Garcia, Ermilo Garcia Escobar and Juan Mata, Sr.,

which were filed during the hearing should be considered as timely filed and considered in ruling upon the motion for summary judgment. Nevertheless, neither the motion for summary judgment, nor the depositions of Garcia, Escobar nor Mata[1] were made a part of the record on appeal and thus are not before us.

A similar situation was presented in Alexander v. Bank of American National Trust and Savings Association, 401 S.W.2d 688 (Tex.Civ.App.—Waco 1966, writ ref'd). The judgment recited that the trial court had considered, among other matters, a deposition. However, the deposition was not in the record. The court held that it was impossible to decide from the incomplete record that the judgment was erroneous and that the court would presume the omitted deposition established its propriety. This rule has been consistently followed. See Sympson v. Mor-Win Products, Inc., 501 S.W.2d 362 (Tex.Civ.App. —Fort Worth 1973, no writ); Wood v. Indiana Lumbermen's Mutual Insurance Company, 477 S.W.2d 657 (Tex.Civ.App. —Waco 1972, writ ref'd n. r. e.); Rey v. American Capitol Insurance Company, 450 S.W.2d 155 (Tex.Civ.App.—Waco 1972, writ ref'd n. r. e.); Hassell v. New England Mutual Life Insurance Co., 506 S.W. 2d 727 (Tex.Civ.App.—Waco 1974, writ ref'd).

■ Such rule has particular application here in that the motion for summary judgment is not in the record, and the basis for the judgment cannot be determined. We cannot say from this incomplete record that error is shown in the granting of the take-nothing summary judgment. Englander Co., Inc. v. Kennedy, 428 S.W.2d 806 (Tex.1968).

In any event, reversible error is not shown by appellant's assignments of error.

---

1. These persons were employees of the nursery at the time of the accident.

Appellant urges that the trial court erred in granting the summary judgment in that a landowner has a common law duty to use reasonable care as to the use to which his property is applied to prevent an unreasonable risk of bodily harm to others off his land, and further, that statutory negligence is established against one who permits cattle to run at large in violation of Article 6962, Vernon's Tex.Rev.Civ.Stat.Ann.

The common law rule that the owner of domestic animals could not permit them to run at large, that he had a duty to keep his stock within his close, and that, on failure to do so, he was unconditionally liable for their trespasses, even though the trespassed lands were unenclosed, was found unsuited to local conditions, and is not enforced in Texas. Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221 (1936); Pace v. Potter, 85 Tex. 473, 22 S.W. 300 (1893); 3 Tex.Jur.2d, Animals, Section 58 (1974). However, Article 6962 makes it unlawful to permit stock to run at large where the stock law has been enacted. Schumacher v. City of Caldwell, 146 Tex. 265, 206 S.W.2d 243 (1947); Adams v. Gray, 448 S.W.2d 854 (Tex.Civ.App.—Houston [14th] 1969, no writ). Furthermore, in Green v. Evans, 362 S.W.2d 377 (Tex.Civ.App.—Dallas 1962, no writ), the owner of cattle was held responsible for his negligence in failing to maintain an adequate enclosure.

█ There is no evidence in the record before us that the cow in question was owned or under the control of appellees. To the contrary, it was alleged by appellant that the cow was owned by a third person, and there is an affidavit in the record that it belonged to Fidel Castellano, deceased. The stock law has no application to appellees since there is no evidence that appellees *permitted* the cow to run at large.

█ Nor is there any evidence that appellees permitted their property to be used in such manner as to create an unreasonable risk of harm to third persons. In his deposition, Wash Storm, Jr., testified that the widow of Castellano paid rent for the privilege of running several head of cattle on a pasture owned by Storm Nursery. This pasture adjoins a pasture owned by Mr. Seeligson which, in turn, adjoins the highway. The pasture was purchased in 1970 by Storm Nursery for future expansion of the nursery. At the time of such purchase, cattle were in the pasture and, so far as Storm knew, the pasture was adequately fenced. He had no knowledge of any cattle escaping from such pasture. Storm did testify that on two or three occasions a year during the many years he had operated the nursery, trouble had been experienced with neighbor's cattle getting out of their dry pastures and breaking into the nursery property where irrigated green grass could be found. This testimony was unrelated to the cattle of Mrs. Castellano. It cannot be said from this record that a fact issue of common law negligence is raised by appellees' conduct in granting Mrs. Castellano's permission to graze cows on the pasture owned by the nursery.

The judgment is affirmed.

CADENA, Justice (concurring).

I would affirm solely on the ground that, since the motion for summary judgment and some of the summary judgment evidence considered by the court are not before us, there is no basis for holding that the granting of the summary judgment was improper.

ON MOTION FOR REHEARING.

BARROW, Chief Justice.

Appellant has now filed, along with his motion for rehearing, a motion to amend the record by directing the clerk of the trial court to certify and transmit to our

clerk a supplemental transcript containing the motion for summary judgment and the other three depositions considered by the trial court.

The transcript was delivered to appellant's counsel by the district clerk and filed in our Court on February 11, 1974. Both briefs were filed by March 25th and after giving the four weeks notice required by Rule 412,[1] the cause was submitted on May 1st. Oral arguments were heard, and the cause was decided on June 5, 1974.

Rule 413 provides: "A cause will be properly prepared for submission only when a transcript of the record exhibits a cause prepared for appeal in accordance with these rules, and filed in the court under the rules, with briefs of one or of both the parties. All parties will be expected, before submission, to see that the transcript of the record is properly prepared."

 It is seen that Rules 428 and 429 grant our Court wide discretion to supplement the transcript or statement of facts so as to include omitted matter. It is our opinion that such discretion should not be exercised, in the absence of some unusual circumstance, so as to permit new material to be filed after the appellate court has written its opinion and rendered its judgment. Such action would be contrary to the spirit and purpose of Rules 386 and 413 and interfere with the orderly administration of justice. Sympson v. Mor-Win Products, Inc., 501 S.W.2d 362 (Tex.Civ. App.—Fort Worth 1973, no writ); Coleman v. Pacific Employers Insurance Co., 484 S.W.2d 449 (Tex.Civ.App.—Tyler 1972, writ ref'd n. r. e.); Stanfield v. Kroll, 484 S.W.2d 603 (Tex.Civ.App.— Houston [1st] 1972, writ ref'd n. r. e.). See also Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197 (1955).

The motion to amend the record is denied. Appellant's motion for rehearing has been considered and is overruled.

---

1. All references are to the Texas Rules of Civil Procedure.