Rodney R. ELKINS, Appellant,

v.

AUTO RECOVERY BUREAU and the Citadel Apartments, Appellee.

No. 05–81–01334–CV.

Court of Appeals of Texas, Dallas.

Nov. 23, 1982.

Rehearing Denied March 14, 1983.

Opinion On Motion for Rehearing Feb. 1, 1983.

Rodney R. Elkins, Dallas, for appellant.

Hollye C. Fisk, Brian D. Melton, Dallas, for appellee.

Before STOREY, SPARLING and WHITHAM, JJ.

WHITHAM, Justice.

Appellant, Rodney R. Elkins, appeals from a judgment dismissing this suit in a county court at law for want of jurisdiction. Appellees, Hobart Douglas Jameson, Sr., d/b/a Auto Recovery Bureau, and The Citadel Apartments, contend that the trial court was without jurisdiction because the amount in controversy exceeds $5000.00. For the reasons that follow we affirm in part and reverse in part.

In his original petition Elkins sued only Jameson for wrongful conversion of Elkins' automobile alleging damages in the amount of $2000.00. Thereafter, Elkins filed amended pleadings which added Citadel as a defendant. The amended pleadings contained three counts.

Count one alleged wrongful oral inducements of Elkins by Citadel to enter into a written lease agreement and damages caused the leased premises by Citadel. Elkins sought damages under count one in the sum of $1900.00. Elkins also sought relief under count one against Citadel under the Deceptive Trade Practice Act, Tex.Bus. Com.Code Ann. § 17.41 et seq. (Vernon Supp.1982), which at that time provided for mandatory treble damages. The sum of $1900.00 trebled equals $5700.00.

Count two contained Elkins' claim against Jameson for wrongful conversion of his automobile again alleging damages in the amount of $2000.00. (The sole cause of action asserted in his original petition.) But in count two Elkins also sought to recover this $2000.00 against Citadel as well, alleging that Jameson and Citadel were both jointly and severally liable for the sum of $2000.00.

In count three Elkins sought to recover from Citadel his $100.00 security deposit under the written lease between the parties which Elkins alleged he was wrongfully induced to sign in count one.

Thus it appears that Elkins' amended pleadings:

(a) carried forward his old suit against Jameson for conversion, and added Citadel as a defendant, (old suit) and

(b) presented a second and new cause of action for wrongful inducements to enter into a written lease and for damages under that lease. (new suit)

County courts at law have jurisdiction concurrent with that of the District Court where the matter exceeds $500.00 and does not exceed $5000.00 exclusive of interest. Tex.Rev.Civ.Stat.Ann. art. 1970a (Vernon Pamp.Supp.1981).

We conclude that the present case is controlled by *Isbell v. Keynon-Warner Dredging Co.,* 113 Tex. 528, 261 S.W. 762 (Tex. Comm'n App.1924, opinion adopted). In that case the initial cause of action in the county court alleged damages within the jurisdictional limits of the county court. The plaintiff's amended pleadings upon which the case went to trial contained the initial cause of action to recover possession of a dragline bucket or its value. However, the amended pleadings also sought to recover the reasonable rental value of the bucket until termination of the suit. The amounts sued for in both counts exceeded the then jurisdictional limits of the county court. In *Isbell* the court stated:

When the amended petition sets up a new cause of action it does not relate back, but speaks from the date upon which the amendment itself is filed. This is because an amended petition which presents a new cause of action, instead of the old one, amounts to the beginning of a new suit. *Ayres v. Cayce,* 10 Tex. [99] 107. However, where the amended petition retains the old suit, as in the present case, and presents, as well, an additional cause of action, it speaks from the date of the filing of the original petition as to the old suit and from the date of the filing of the amendment as to the additional cause of action.

.    .    .    .    .

If the new matter was not a new cause of action, the amending allegations related back entirely, and spoke as from the date of December 8, 1921, asserting a matter in controversy of not more than $1,000, in that the alleged damages, as of that date, added to the alleged value of the bucket, only totaled $997. If the new matter, on the other hand, was a new cause of action, it did not interfere in any way with the suit already in progress. The repetition of the old suit related back. The new matter if it set up a new cause of action did not; *and, though it might not have been sustainable in whole or in part for lack of jurisdiction over it,* that situation, if true, did not deprive the court of jurisdiction over the old suit.

The general rule, to which this case appears to be no exception is that where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction. (Emphasis added) *Isbell,* 261 S.W. at 763.

▮ In the present case we conclude that count two of Elkins' amended pleadings constitutes an old suit with the addition of a new defendant and speaks from the date of filing of the original petition. We hold, therefore, that the trial court had jurisdiction of the old suit and of Jameson and Citadel as defendants to the cause of action asserted in count two.

We note that in count one Elkins alleges that Citadel damaged the rented premises over the course of the tenancy and that this damage to the premises included "causing Plaintiff's vehicle to be removed from where Plaintiff had parked it and to be withheld from Plaintiff unreasonably." Just how the alleged wrongful removal of Elkins' automobile can constitute damage "to the premises" escapes us. If this allegation constitutes Elkins' efforts to merge count one and count two into one cause of action, then we do not agree. We hold, therefore, that counts one and three of Elkins' amended pleadings contain new matter and that this new matter constitutes a new cause of action. We fail to see how a cause of action for conversion of the automobile and causes of action for wrongful inducements to enter into a written lease and upon that lease can constitute one and the same cause of action. Since the amount in controversy in the new causes of action exceeds the jurisdictional limits of the county court at law, we hold that the trial court was without jurisdiction of the new matter alleged in counts one and three of Elkins' third amended petition.

We recognize that in *Isbell* the court went on to hold that the trial court had jurisdiction to render judgment for a sum in excess of $1000.00 (the jurisdictional limit) based in part on the cause of action for rental of the bucket while the litigation was pending. The court did so because the defendant had retained possession of the bucket by virtue of his replevy bond and it was necessary for the trial court to hear and decide all matters arising upon the bond for the value of the bucket and its rent during the time ensuing after execution and approval of the bond. That circumstance does not exist in the present case. The present case does not invoke the general rule that "where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat that jurisdiction." *Flynt v. Garcia,* 587 S.W.2d 109 (Tex.1979); *Haginas v. Malbis Memorial Foundation,* 163 Tex. 274, 354 S.W.2d 368, 371 (Tex.1962). Rather, the present case is within the exception to that rule as stated in *Isbell,* e.g., "When the amended petition sets up a new cause of action it does not relate back, but speaks from the date upon which the amendment itself is filed. This is because an amended petition which presents a new cause of action, instead of the old one, amounts to the beginning of a new suit." *Isbell, supra* at 763.

Accordingly, we reverse the trial court's order of dismissal as to the cause of action alleged by Elkins in count two of his third amended petition and we affirm the trial court's order of dismissal as to the causes of action alleged by Elkins in counts one and three of his third amended petition.

Reversed in part and affirmed in part.

## OPINION ON MOTION FOR REHEARING

The amended pleading of Elkins in the record before us on submission of this appeal was his third amended petition. Simultaneously with the filing of his motion for rehearing, Elkins filed his second motion for leave to file a supplemental transcript containing his first amended petition. Elkins contends that had his first amended petition been before us, the trial court's order of dismissal as to the causes of action alleged in counts one and three of his third amended petition would have been reversed and remanded rather than affirmed. Elkins argues that, in view of the allegations in his first amended petition, the allegations in the third amended petition, which added the deceptive trade practice allegation to count one, could not deprive the county court at law of jurisdiction because the general rule, rather than the exception relied on in our original opinion, would be applicable; to wit, "where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat the jurisdiction." *Isbell v. Kenyon-Warner Dredging Co.,* 113 Tex. 528, 261 S.W. 762 (Tex.Comm'n App. 1924, opinion adopted); *Flynt v. Garcia,* 587 S.W.2d 109 (Tex.1979) and *Haginas v. Malbis Memorial Foundation,* 163 Tex. 274, 354 S.W.2d 368, 371 (Tex.1962). We do not reach this issue because we deny Elkins' second motion for leave to file the supplemental transcript. We also overrule Elkins' motion for rehearing.

This appeal was submitted on October 19, 1982. Prior to that time, on March 25, 1982, Elkins filed his initial motion for leave to file a supplemental transcript and tendered this same supplemental transcript containing his first amended petition. The sole reason given in support of the first motion was Elkins' conclusions that "Plaintiff's First Amended Original Petition is relevant to the facts and issues in controversy in this appeal, and it would serve the interests of justice, and would be of assistance to this Honorable Court to have such document included in the record by way of a supplemental transcript." By order dated April 8, 1982, another panel of this court denied Elkins' motion "without prejudice to show materiality of supplemental transcript." Elkins, however, did nothing prior to submission to show this court the materiality of his first amended pleadings. Moreover, following oral argument, Elkins did not seek to bring his first amended petition to our attention. Only on rehearing does Elkins again urge the materiality of the supplemental transcript and seek to place his first amended petition before us.

█ We conclude that Elkins' efforts to present this court with a sufficient record come too late. The burden is on the appellant to see, before submission of the cause, that a sufficient record is presented on appeal which preserves any error upon which he relies. Tex.R.Civ.P. 413; *Irrigation Construction Co. v. Motheral Contractor's Inc.,* 599 S.W.2d 336, 343 (Tex.Civ.App. —Corpus Christi 1980, no writ); *Archer v. Storm Nursery, Inc.,* 512 S.W.2d 82, 85 (Tex.Civ.App.—San Antonio 1974, no writ). Although the Rules of Civil Procedure give us the discretion to allow supplementation of the record after submission, such discretion should not be exercised absent "unusual circumstances." To do so would be contrary to the spirit and purposes of Rules 386, 413, 428 and 429 of the Texas Rules of Civil Procedure and interfere with the orderly administration of justice. *Irrigation Construction Co., supra,* at 344; *Archer, supra,* at 85.

█ We conclude that Elkins has failed to show "unusual circumstances" and that to allow Elkins to supplement the record at this late date would interfere with the orderly administration of justice. In the present case our opinion made known to Elkins the materiality and importance of his first amended petition. It should have worked the other way around. Given our invitation, he should have made known to us the materiality and importance of his first amended petition. Much attorneys' and appellant judges' time and effort has been expended in deciding Elkins' appeal on the record he left before us. Judicial econo-

my and efficient expenditure of attorneys' time and effort is crucial to the administration of justice. We choose, therefore, to leave Elkins' appeal in the posture he placed it and decide that appeal accordingly.

Elkins' second motion for leave to file supplemental transcript is denied and Elkins' motion for rehearing is overruled.