In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00057-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

CANDI
COOPER

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Candi Cooper, proceeding pro se, has
filed a petition for writ of mandamus asking this Court to order the Honorable
Paul Banner, sitting for the 115th Judicial District Court of Upshur County,
Texas, to grant her motion to transfer venue in a suit affecting the
parent-child relationship.  Cooper and
David Johnston were divorced February 21, 2007, and appointed joint managing
conservators of Z.B.J., a minor child. 
Although the divorce decree specified the residence of Z.B.J. would be
Upshur County or a contiguous county, Cooper and Z.B.J. moved to Austin, Texas,
in August 2008.  Johnston agreed to the
move and agreed to secure an amended order permitting the residence of Z.B.J.
to be established in Austin, Texas. 
Johnston, though, never obtained the amended order.  According to Cooper’s petition, Johnston
filed, in Upshur County, a temporary restraining order alleging the use of
marihuana by Cooper’s current husband endangered Z.B.J.   Cooper’s petition states that a motion to
transfer venue was filed under Section 155.201 of the Texas Family Code, which
provides for mandatory transfer of venue “if the child has resided in the other
county for six months or longer.”  See Tex.
Fam. Code Ann. § 155.201 (Vernon 2008).   After a hearing on the motion to transfer
venue, the trial court denied the motion. 


            Mandamus issues only when the
mandamus record establishes (1) a clear abuse of discretion or the violation of
a duty imposed by law and (2) the absence of a clear and adequate remedy at
law.  Walker
v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992); see In re Columbia Med. Ctr.
of Las Colinas, 290 S.W.3d 204, 207 (Tex. 2009).  Under the appropriate circumstances, mandamus
may be an available remedy when a trial court fails to grant a motion to
transfer venue under Section 155.201 of the Texas Family Code.  See Tex. Fam. Code Ann. § 155.201, § 155.204(h)
(Vernon Supp. 2009); In re Kerst, 237
S.W.3d 441, 442 (Tex. App.—Texarkana 2007, orig. proceeding); In re Compton, 185 S.W.3d 526, 530 (Tex.
App.—Houston [14th Dist.] 2006, orig. proceeding).  

            Cooper, the relator, has failed to
provide this Court with a sufficient record. 
It is the relator’s burden to provide this Court with a sufficient
record to establish the right to mandamus relief.  Walker,
827 S.W.2d at 837; In re Pilgrim’s Pride
Corp., 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding);
see Tex.
R. App. P. 52.3.  The record
accompanying Cooper’s petition for writ of mandamus consists of only the
transcript of the hearing and three exhibits that were introduced during the
hearing.  While the petition does contain
an appendix, the appendix does not include “a certified or sworn copy of any
order complained of, or any other document showing the matter complained of.”  See
Tex. R. App. P. 52.3(k)(1)(A).  The appendix to Cooper’s petition contains
only a copy of Section 155.204 of the Texas Family Code and a partial copy of a
Child Protective Services (CPS) report. 
Cooper has failed to provide this Court with a copy of the motion
complained of, the motion to transfer venue and the controverting affidavit, if
any.   See Tex. R. App. P.
52.3(k).  We cannot evaluate Cooper’s
petition for writ of mandamus without these documents.  We further note the petition does not certify
that a copy was served on all parties to the proceeding.  See Tex. R. App. P. 9.5.  

 

            For the reasons stated, we deny
Cooper’s petition for writ of mandamus.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          July 6, 2010     

Date
Decided:             July 7, 2010

 

 

 

OPINION
ON MOTION FOR REHEARING 

            Candi Cooper has filed a motion for
rehearing in which she requests this Court to reconsider our opinion denying
her petition for writ of mandamus.  We
denied Cooper’s petition for writ of mandamus for failing to include in the
mandamus record presented to this Court a copy of the motion presented to the
trial court.   See Tex. R. App. P. 52.3(k).  Cooper has now attached the motion to
transfer venue and the controverting affidavit to her motion for
rehearing.  Because this case fails to
present “unusual circumstances” that would justify supplementing the record
after an appellate court has issued its opinion, we overrule Cooper’s motion
for rehearing.

            Before we can even reach the merits
of Cooper’s motion for rehearing, we must first address whether Cooper may
supplement the record at this late date. 
Rule 52.7(b) of the Texas Rules of Appellate Procedure, which governs
the supplementation of the mandamus record, provides, “[a]fter the record is
filed, relator or any other party to the proceeding may file additional
materials for inclusion in the record.”  Tex. R. App. P. 52.7.  Traditionally, however, supplementation of a
record has not been permitted after an opinion has been issued, except under “unusual
circumstances.”   In re Cervantes, 300 S.W.3d 865, 871 (Tex. App.—Waco 2009, orig.
proceeding) (op. on reh’g); Chapman v.
Mitsui Eng’g & Shipbuilding Co., 781 S.W.2d 312, 318 (Tex. App.—Houston
[1st Dist.] 1989, writ denied) (op. on reh’g); K & S Interests, Inc. v. Tex. Am. Bank/Dallas, 749 S.W.2d 887,
892 (Tex. App.—Dallas 1988, writ denied) (op. on reh’g); Archer v. Storm Nursery, Inc., 512 S.W.2d 82, 85 (Tex. Civ.
App.—San Antonio 1974, no writ) (op. on reh’g). 
In three decisions, however, the Texas Supreme Court has not recited the
traditional standard.  We examine those
decisions.

            In Silk v. Terrill, the Texas Supreme Court held “[j]udicial economy
is not served when a case, ripe for decision, is decided on a procedural
technicality of this nature.  In the
interests of justice and fair play, cases should be decided on the merits when
deficiencies of this nature can be easily corrected.”  898 S.W.2d 764, 766 (Tex. 1995).   The Texas Supreme Court concluded the record
could be supplemented after an opinion had been issued.  Id.

            A few years after Silk, the court held

[S]upplementation of the record
after a case is decided is a different matter. 
It certainly does not serve judicial economy for the appellate court to
allow a supplementation of the record that would require it to reconsider its
decision on the merits when a party has had ample opportunity to correct the
omission prior to decision.  The court of
appeals decided this case not on a procedural technicality but on a record
Worthy failed to supplement even after requesting and being granted leave to do
so.

 

Worthy v. Collagen
Corp., 967
S.W.2d 360, 366 (Tex. 1998).  The court
distinguished Silk because the
omitted item in Silk “was attached to
the party’s brief and the party requested supplementation following oral
argument and prior to the court’s decision.” 
Id.

            In
the Interest of K.C.B., a direct appeal of a parental termination, is the
most recent discussion by the Texas Supreme Court of supplementation of a
record after an opinion has been issued. 
251 S.W.3d 514 (Tex. 2008).  The
Texas Supreme Court held the supplementation should have been granted because
(1) there was no purposeful omission similar to Worthy, and (2) the appeal concerned fundamental liberty
interests.  Id.

            Thus, we are faced with the question
of whether, in these opinions, the traditional rule has been rejected by the
Texas Supreme Court.[1]  Silk,
Worthy, and K.C.B. all indicate a preference for a decision to be based on the
merits, rather than a procedural technicality. 
However, they all also recognize limits to the application of this
preference.  All three cases indicate a
certain reluctance to allow supplementation after an opinion has been
issued.  As noted above, none of the
cases explicitly overrule the traditional rule. 
We believe these cases are consistent with the traditional rule.  Silk
specifically distinguishes K & S
Interests, which applied the traditional rule.  Worthy
is consistent with the traditional rule in that the record could not be
supplemented after the issuance of an opinion. 
Finally, K.C.B. is consistent
with the traditional rule in that “unusual circumstances” were presented.  The “unusual circumstance” was that the
appeal concerned parental termination, which raises fundamental liberty
interests.  We are reluctant to conclude
the Texas Supreme Court has rejected a well established rule when it has failed
to explicitly overrule the rule and its decisions can be harmonized with the
traditional rule.  Recently, the Waco
Court of Appeals has applied the traditional rule in deciding whether a party
could supplement the record after the issuance of an opinion.  See
Cervantes, 300 S.W.3d at 871 (“We accept this ‘unusual circumstances’ test
as appropriate . . . .”).  We conclude
that the traditional rule still governs whether a party may supplement a record
after an opinion has been issued.  Thus,
the remaining question is whether this case presents “unusual circumstances.”

            The fact that this mandamus action
arises out of a child-custody case does not present unusual circumstances.  This case does not concern the termination of
parental rights.  The termination of
parental rights presents fundamental liberty interests not present in all suits
affecting the parent-child relationship. 
Unlike a direct appeal from a termination proceeding, the custody
dispute in this case is not a permanent decision.  In fact, the ruling from which Cooper seeks
mandamus relief is a venue ruling, that is, a ruling preliminary to any custody
decision.  Although we have not addressed
the merits of Cooper’s petition, there is no prohibition against Cooper filing
another petition seeking a writ of mandamus. 
This case presents no unusual circumstances.[2]

            We recognize that cases should be
decided on the merits, rather than procedural technicalities, whenever
possible.  However, we are unwilling to
open the floodgates and allow parties in any case that does not present “unusual
circumstances” to supplement the record after an opinion has been issued.  As stated by the Texas Supreme Court in Worthy, “supplementation of the record
after a case is decided is a different matter.” 
Worthy, 967 S.W.2d at 366.  Cooper was obligated to present an adequate
record before our opinion issued.  This
case presents no “unusual circumstances” which would justify allowing
supplementation at this late date.

            For the reasons stated, we overrule
Cooper’s motion for rehearing.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date:   August 6, 2010

 

 











[1]The
Texas Rules of Appellate Procedure were amended in 1997 to remove the
traditional distinction between supplementation before submission and
supplementation after submission.  Compare
Tex. R. App. P. 34.6 with Tex. R. App. P. 55, adopted 707–08 S.W.2d (Tex. Cases)
p. lxviii-lxix (1986).  We do not believe
this amendment is relevant to the issue presented in this case—supplementation
of the record after an appellate court has issued an opinion.  The traditional rule is not based on the more
stringent requirements contained by the prior rules for supplementation after
submission.  Rather, the traditional rule
was based on three concerns:  (1) the
spirit and purpose of the rules setting forth the appellate timetable, (2) the
spirit and purpose of the rules placing the burden on appellant to see that a
sufficient record is presented to show error requiring reversal, and (3) to
prevent interference with the orderly administration of justice.  K &
S Interests, 749 S.W.2d at 892.





[2]Also,
the fact that Cooper is proceeding pro se fails to present any unusual
circumstances.  The law is well settled
that “[a] party proceeding pro se must comply with all applicable procedural
rules” and is held to the same standards as a licensed attorney.  Weaver
v. E-Z Mart Stores, Inc., 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no
writ).