COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | | |
|---|---|---|---|
| DAVID PAUL HEALY, | § | No. 08-17-00027CV | |
| Appellant, | § | Appeal from the | |
| v. | § | 352nd Judicial District Court | |
| SIMON BARRON, | § | of Tarrant County, Texas | |
| Appellee. | § | (TC# 352-286480-16) | |

## **O P I N I O N**

Appellant, David Paul Healy, appeals the trial court's denial of his bill of review challenging a summary judgment granted in favor of Appellee, Simon Barron. In two issues, Appellant asserts the trial court erred in not considering forgery as a defense and in dismissing his bill of review. We affirm.

## **BACKGROUND**

### *Factual & Procedural Background*

Appellee, Simon Barron (Barron), sued Appellant, David Paul Healy (Healy), to enforce an option agreement for the purchase of real property. Healy answered by filing a general denial. Barron then moved for a traditional and no-evidence motion for summary judgment. At the summary judgment hearing, Barron argued Healy failed to assert forgery as an affirmative defense and without a formal pleading of forgery, Healy had no defense to Barron's breach of contract

claim. The trial court granted Barron's motion for summary judgment. In its final judgment dated November 17, 2015, the trial court granted Barron's traditional and no-evidence summary judgment motion and ordered, adjudged, and decreed the following:

1.  The Option Agreement is valid and enforceable.

2.  [Healy] breached the Option Agreement.

3.  [Barron] is entitled to title of the Property upon payment of the option price in the Option Agreement computed as of the date of payment and [Healy] shall convey title to [Barron] upon receipt of the option price and failing to deliver title after receipt of the option price by [Healy], [Barron] may execute a deed in the name of [Healy] to convey title to the Property to [] Barron.

In response, Healy filed his original petition for bill of review. In his bill of review, Healy argued the trial court erroneously entered a final judgment in this case, which he claims he did not learn of until July 1, 2016—over seven months after the trial court entered its final judgment. Healy also argued the trial court "erred in not considering the controverting evidence of forgery, even if no formal verified defense had been pled in Healy's answer. . . ." Barron filed a motion to dismiss the bill of review, in which she argued Healy failed to allege with particularity, sworn facts sufficient to constitute a meritorious defense. After holding a hearing on the matter and requesting briefing from both parties, the trial court granted Barron's motion to dismiss the bill of review. This appeal followed.[1]

### DISCUSSION

In two issues, Healy maintains the trial court erred by not considering forgery as a defense and granting dismissal of his bill of review. Healy requests we reverse the trial court's order dismissing his bill of review and remand the matter to the trial court. We disagree.

---

[1] This case was transferred from our sister court in Fort Worth County, Texas pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. § 73.001. We follow the precedent of the Fort Worth Court of Appeals to the extent they might conflict with our own. *See* TEX.R.APP.P. 41.3.

### *Standard of Review & Applicable Law*

A bill of review is an independent action of equitable nature to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex. 1999). "[B]ills of review exist to provide a failsafe against manifest injustice and the wrongful deprivation of a litigant's right to trial and appeal in extraordinary circumstances." *Bowers v. Bowers*, 510 S.W.3d 571, 577 (Tex.App.—El Paso 2016, no pet.). However, they are not looked upon favorably, "as our justice system has a strong interest in ensuring that controversies are permanently settled at one time and that litigants will not resurrect dead cases . . . simply because they later regret not raising certain issues when they had the chance." *Id*. We ordinarily review a trial court's ruling on a bill of review for an abuse of discretion. *Roberts v. Roberts*, 646 S.W.3d 56, 59 (Tex.App.—San Antonio 2022, pet. filed). However, when the inquiry on the bill of review concerns a question of law, such as whether the complainant presented *prima facie* evidence of a meritorious defense, we review the trial court's decision *de novo*. *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex. 1979); *Alexander v. Johnson*, No. 14-08-00778-CV, 2010 WL 11201, at *2 (Tex.App.—Houston [14th Dist.] Jan. 5, 2010, no pet.)(mem. op.).

A claimant seeking a bill of review must establish three things: (1) a meritorious defense to the underlying cause of action; (2) which the plaintiff was prevented from making due to the opposing party's fraud, accident, or wrongful act; (3) unmixed with the plaintiff's own fault or negligence. *Mabon, Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012)(per curiam). "But when a bill-of-review plaintiff claims a due process violation for no service of process or notice of a default judgment, it is relieved of proving the first two elements[.]" *Id*. As for the third element, the bill of review plaintiff "must only prove that its own fault or negligence did not

contribute to cause the lack of service or notice." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015)(per curiam).

Due process requires that parties receive notice "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Wimpy v. Motel 6 Op., L.P.*, 461 S.W.3d 619, 626 (Tex.App.—El Paso 2015, pet. granted, judgm't vacated w.r.m.)(citing *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84 (1988)). While the sufficiency of notice is fact-specific to each case, if notice is not meaningful, constitutional due process requirements are not satisfied. *Id.* "Constitutionally, a party is entitled to actual, or at least constructive notice, of a hearing." *Id.* at 625. For example, constructive notice may be imputed on a party where, *inter alia*, a notice is properly dispatched to a correct address, returned unopened, and there is evidence that the party to be served is engaging in selective acceptance or is actively trying to dodge service. *See Dowell v. Theken Spine*, *L.L.C.*, No. 14-07-00887-CV, 2009 WL 1677844, at *2 (Tex.App.—Houston [14th Dist.] June 2, 2009, no pet.)(mem. op.).[2]

---

[2] Although the United States Supreme Court has held that a claimant need not establish a showing of a meritorious claim when a judgment has been rendered in violation of due process, this holding has been applied to situations where there was no service of process or notice at all, and default judgment was entered. *See Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84-85 (1988); *see also Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988)(holding that requiring claimant to show meritorious defense, where he had no notice of original trial, violated due process). In the instant matter, Healy had notice of the original suit and was present at all hearings held before the trial court. Healy does not assert his due process rights were violated; he merely claims he did not receive notice of the trial court's final judgment granting Barron's motion for summary judgment. Moreover, the final judgment itself includes a stamp from the court clerk, which reads, "Emailed 11 18 2015" and "Copy mailed to each Attorney of record On 11 18 15." Irrespective of whether Healy actually received notice, his claim of not having received notice of the final judgment entitles him to a bill of review. As for relief, however, absence of notice of the final judgment does not absolve Healy of establishing a *prima facie* meritorious defense. *See Fonseca v. Perez*, No. 13-05-586-CV, 2006 WL 2371353, at *1-2 (Tex.App.—Corpus Christi Aug. 17, 2006, no pet.)(mem. op.)(Claimant filed petition for bill of review attacking order granting summary judgment on grounds she was unaware of the signed order granting Appellee's motion for summary judgment. However, the trial court held claimant failed to make *prima facie* showing of a meritorious ground of appeal and affirmed trial court's dismissal of bill of review). Nonetheless, Healy would still be required to satisfy the third element—proving the dismissal was unmixed with any fault or negligence of his own. Because the final judgment includes official stamps from the court clerk regarding notice, and because Healy changed counsel and there were issues discussed at the summary judgment hearing regarding his counsel's failure to check the docket for several months and his failure to file amended pleadings, we cannot determine Healy's dismissal was unmixed with any fault

*Analysis*

We first address Healy's second point of review. Is a motion to dismiss a permissible method to challenge a bill of review? If it is not permissible, Healy argues the trial court erred in granting Barron's motion to dismiss. The answer to the threshold matter is yes—a motion to dismiss is a permissible method to challenge a bill of review. *See Baker*, 582 S.W.2d at 406.

In *Baker*, the Texas Supreme Court wrote exhaustively on bill of review proceedings. *See Baker*, 582 S.W.2d at 406. *Baker* specifically instructed, "If the court determines that a *prima facie* meritorious defense has not been made out, the proceeding terminates[,] *and the trial court shall dismiss the case*." *Id*. at 409 [Emphasis added]. Accordingly, dismissal is a permissible method to challenge a bill of review.

Issue Two is overruled. *See, e.g.*, *State v. Navarrete*, No. 08-18-00017-CV, —S.W.3d —, 2021 WL 1050061, at *7 (Tex.App.—El Paso March 19, 2021, no pet.)(holding claimant failed to provide *prima facie* evidence of the first requirement of a bill of review and as a result, the trial court erred in denying Appellant's motion to dismiss claimant's bill of review).

In Issue One, Healy urges us to answer whether forgery is an affirmative defense, or a defense in denial. This distinction is relevant, and especially decisive to Healy because Healy did not formally plead forgery in response to Barron's motion for summary judgment. Barron argues the Texas Rules of Civil Procedure requires an affirmative defense be specifically pleaded or it is waived. According to Healy, forgery is not an affirmative defense, but rather, a defense in denial, and thus, his failure to formally plead forgery does not mean the defense is waived and cannot

---

or negligence of his own. *See Saint v. Bledsoe*, 416 S.W.3d 98, 108 (Tex.App.—Texarkana 2013, no pet.)("[E]ven if [claimant of bill of review] did not receive notice, in light of the fact that counsel failed to apprise the trial court of a correct current address, [claimant's] due-process claim fails."). Either way, Healy's argument on appeal focuses on the dismissal of the bill of review, as opposed to entitlement to or lack of a hearing. Accordingly, we proceed with our analysis of whether the trial court erred in dismissing Healy's bill of review.

deprive him of his right to assert the defense. The inquiry then, according to Healy, becomes whether forgery is an affirmative defense and waived if not pleaded.

However, we do not reach this inquiry because as a threshold matter, we cannot determine whether reversible error exists when we do not have the core components of the trial court record before us. *See Alexander v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 401 S.W.2d 688, 689 (Tex.App.—Waco 1966, writ ref'd). A *prima facie* meritorious defense is made out when it is determined that the complainant's defense is not barred by a matter of law and he will be entitled to judgment on retrial if no evidence to the contrary is offered. *Baker*, 582 S.W.2d at 408-09. This is a question of law for the court. *Id*. at 409. *Prima facie* evidence may consist of documents, answers to interrogatories, admissions, and affidavits on file, along with such other evidence the trial court may receive in its discretion. *Id*.

In the instant case, Healy's meritorious defense is, his response to the motion for summary judgment was sufficient to raise the defense of forgery, and had he received notice of the final judgment, he would have prevailed on either his motion for new trial, or on appeal to reverse the summary judgment. Healy specifically argues, because he failed to formally plead forgery, the trial court "refused to consider the controverting summary judgment evidence that the Option Agreement was a forgery[,]" and had the trial court "considered the controverting summary judgment evidence, the [trial court] could not have found that there were no issues of fact, and would have denied Barron's motion for summary judgment. However, we can neither verify these propositions, nor can we begin to conduct this determination because the record before us is incomplete. The live pleadings, that is, Barron's motion for summary judgment and Healy's

6

response to the motion for summary judgment, was neither before the trial court in its evaluation of the bill of review, nor is it before us on appeal.[3] The rule is:

> [I]t is the appellant's duty to present us with a record sufficiently complete to clearly show the action of the trial court and the error of which he complains. If the record brought up on appeal is incomplete, every reasonable presumption will be indulged in favor of the trial court's ruling, and a reversal will not be ordered unless it appears impossible that the ruling could be upheld.

*Greenville Indep. Sch. Dist. v. B & J Excavating, Inc.*, 694 S.W.2d 410, 412 (Tex.App.—Dallas 1985, writ ref'd n.r.e.)[Citation omitted]. This rule has been consistently followed by Texas courts and such rule is particularly applicable here because without the complete summary judgment trial record, the basis for the summary judgment cannot be determined. *See Archer v. Storm Nursery, Inc.*, 512 S.W.2d 82, 83 (Tex.App.—San Antonio 1974, no writ). Thus, we cannot, and will not, reverse a summary judgment with an incomplete record before us. *See Alexander*, 401 S.W.2d at 689 ("It is impossible for us to decide from [the] incomplete record that the [summary] judgment was erroneous.").

The absence of the core components of the record that would ordinally allow a reviewing court to conclude that the trial court erred in granting the summary judgment, precludes us from doing so here. *See Archer*, 512 S.W.2d at 83 ("[T]he motion for summary judgment is not in the record, and the basis for the judgment cannot be determined. We cannot say from this incomplete record that error is shown in the granting of the [] summary judgment"). Accordingly, because we are unable to determine whether Healy would have prevailed on either his motion for new trial or

---

[3] Healy also maintains the trial court erred by refusing to consider his affidavit, in which he claims he swore the option agreement is a forgery. Although an affidavit is sufficient prima facie evidence of a meritorious defense, the affidavit Healy purports to rely on in this bill of review proceeding, and which Healy *solely* relies on, was neither before the trial court in its evaluation of the bill of review, nor is it before us on appeal. Moreover, the Option Agreement itself, however, was attached to Healy's bill of review and is before us on appeal. The Option Agreement is notarized, sealed, and verified, which further weakens Healy's showing of a meritorious defense.

on appeal to reverse the summary judgment—had he received notice of the final judgment—Healy has failed to establish *prima facie* showing of a meritorious defense. Thus, we affirm the trial court's order granting dismissal of the bill of review.

Issue One is overruled.

## CONCLUSION

For these reasons, we affirm.

August 23, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.